[Civil No. 1537.  Filed November 8, 1917.]

[168 Pac. 503.]

In the Matter of the Estate of ANNIE WILSON, Deceased.
MANUEL ESCALADA, Appellant, v. JOHN W. WIL-
SON, Appellee.

1. HUSBAND AND WIFE — COMMUNITY PROPERTY — ADMINISTRATION. —
Under Civil Code of 1901, paragraph 2124, providing that upon the
dissolution of the marriage relation by death all the common prop-
erty belonging to the community estate if the deceased had a child
or children shall go one-half to the survivor, and the other half to
the child or children, and paragraph 3108, providing that the com-
munity property of the husband and wife shall be liable for com-
munity debts contracted by the husband during marriage, when the
wife died title to the community property vested immediately and
absolutely in the surviving husband and daughter, and no com-
munity debts appearing, there was no right to administer the com-
munity property.

2. DISMISSAL AND NONSUIT — DISMISSAL ON COURT'S OWN MOTION. —
Although the insufficiency of the petition to state facts authorizing
the appointment of an administrator was not raised, it was not error
for the court to dismiss it for that reason, as it was the duty of
the court to take notice of such defect and dismiss the action on its
own motion.

[As to right or duty of court on its own motion to dismiss ac-
tion based on illegal contract, see notes in **Ann. Cas.** 1912A, 1033;
**Ann. Cas.** 1915B, 230.]

APPEAL from a judgment of the Superior Court of the
county of Santa Cruz.  Frank Baxter, Judge.  Affirmed.

Messrs. Barry & Barry and Messrs. Duffy & Purdum, for
Appellant.

Mr. M. Marsteller and Mr. S. P. Noon, for Appellee.

ROSS, J.—On the twentieth day of January, 1915, appel-
lant filed his petition in the superior court of Santa Cruz
county, Arizona, for letters of administration upon the estate
of Annie Wilson, deceased, alleging as a reason therefor the
discovery of property belonging to the estate that had not
been administered upon by a former administrator who had
theretofore, to wit, on the sixteenth day of June, 1908, ren-

dered his final account and been discharged. The allegation with reference to the former administrator and the newly discovered property belonging to the estate of Annie Wilson is, so far as material, as follows:

"That there was not included in the inventory of the said estate, the appraisement, nor in the decree. of distribution thereof, the community interest of the said Annie Wilson, deceased, in certain real property hereinafter described; that the said property was acquired during the lifetime of Annie Wilson and John W. Wilson, and during the period of their marriage; that the said property has lately been discovered to belong to the estate of said Annie Wilson, and should be administered by this court. . . . "

The property is then described as lot 1 in block 4. We assume it is located in the city of Nogales, although there is no allegation as to its location.

It is alleged that Annie Wilson left surviving her a husband, John W. Wilson, of Nogales, and a daughter, Nellie Sullivan, of Chicago, and "that the said relatives are entitled to share in the distribution of said property as heirs of said Annie Wilson." The answer of the appellee consisted of special demurrers, general and specific denials, and an affirmative defense.

If all of the things alleged in the petition for letters of administration be taken as true, the question is: Does it state facts sufficient to authorize the court of probate to appoint an administrator to take possession of and administer upon the community interest of Annie Wilson, deceased, in the said described lot? It certainly does not, unless her community interest passed to her estate and became a part thereof upon her death. If her community interest did not become a part of her estate, but immediately vested in her surviving husband and her daughter, there could not possibly exist any reason for administering thereon, unless it be shown that there were community debts that should be paid out of the community property. There is no showing that there were any community debts. The law on the subject of the devolution of community property in existence at the time of the death of Annie Wilson is contained in paragraph 2124 of the Revised Statutes of 1901, and reads as follows:

"Upon the dissolution of the marriage relation by death, all the common property belonging to the community estate

of the husband and wife shall go to the survivor if the deceased have no child or children; but if the deceased have a child or children, his survivor shall be entitled to one-half of said property and the other half shall pass to the child or children of the deceased.''

In section 3108 of the Revised Statutes of 1901, it is provided:

''The community property of the husband and wife shall be liable for the community debts contracted by the husband during marriage. . . . ''

In *La Tourette* v. *La Tourette*, 15 Ariz. 200, Ann. Cas. 1915B, 70, 137 Pac. 426, we had under consideration the general law concerning community property, as also paragraph 2124, *supra*, and it was there said:

''Upon a dissolution of the marriage relation by death, if there be no child or children of the deceased, all of the property belonging to the community estate of the husband and wife goes to the survivor. In this aspect of the community relationship, the husband and wife may be considered as one, owning the property during the existence of the marriage with the unities of time, title, and interest and possession present, and at the death of one the survivor takes all.''

When there is a child or children, instead of the survivor being vested with the entire community property, he is vested with one-half only, and the other half vests in the child or children of the deceased. The same law that gives immediate title to the survivor in the community property vests title in the child or children. It is true that one takes title by virtue of survivorship, whereas the other takes title as an heir, but both titles are referable to the same statutory provision. If the said described lot as alleged in the petition for letters of administration was the common property of John W. Wilson, the appellee, and his deceased wife, Annie Wilson, upon her death, the title thereto vested absolutely and immediately one-half in her husband, and one-half in her daughter, Nellie Sullivan; they being the only relatives entitled, under the law, to share in the community. If this be true, and no community debts appearing, administration would be a useless as well as an expensive proceeding. The property of the appellee, husband, and Nellie Sullivan, the daughter, should not be required to defray the expenses of an administration which could not in any way strengthen their title. It would be a

useless and unnecessary burden that the law will not permit. The question here sought to be settled and determined should have been addressed to another court having jurisdiction to determine controversies involving title to real property.

The insufficiency of the petition to state facts authorizing the appointment of an administrator was not raised by the appellee in the lower court, and appellant therefore complains that it was error to dismiss his complaint for that reason. We do not so understand the law, but rather conceive that it was the duty of the lower court to take notice of such defect on his own motion and dismiss the action.

Judgment of the lower court is affirmed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

On liability of community property for debts, see note in 19 L. R. A. 233.

For authorities discussing the question of rights of widow and children with reference to community property, see note in 56 L. R. A. 69.