[Civil No. 2783. Filed March 11, 1929.]

[275 Pac. 2.]

WILLIAM R. ROBERSON, Administrator De Bonis Non With the Will Annexed of the Estate of GEORGE J. SMITH, Deceased; ERNEST T. SMITH and WILLIAM R. ROBERSON, Appelants, v. EMMA TEEL, L. B. MORRELL, and ADA SILLIMAN, Executors of the Estate of EDNA A. SMITH, Deceased, Appellees.

See Husband and Wife, 31 **C. J.**, sec. 1371, p. 214, n. 14.
Wills, 40 **Cyc.**, p. 1050, n. 46.

Mr. Isaac Barth, for Appellants.

Messrs. Phillips & Phillips, for Appellees.

LOCKWOOD, C. J.—George J. Smith and Edna A. Smith intermarried in the year 1879. Each had children by a previous marriage, and there were two

children born of the marriage. During the coverture Mr. and Mrs. Smith acquired approximately eighty acres of land near the city of Phoenix, it being admitted that this was community property. In the year 1908 Smith died, leaving a will which, so far as material, reads as follows:

"First, I desire all my just debts fully paid.

"Second, I give, devise and bequeath to my beloved wife, Edna A. Smith, all my property both real and personal, to have and to hold unto her, my said wife, for and during the period of her natural lifetime, to use and enjoy the same in any manner she may see fit, and at her death whatsoever remains of the same, I give and devise and bequeath to my three children in the following manner, to wit: to Mary J. Sears, my daughter, an undivided one-fifth and to Ernest Troy Smith, my son and Pearl Edna Roberson, my daughter, share and share alike, the remaining four-fifths of my property.

"Third, I hereby nominate and appoint my beloved wife, Edna A. Smith, sole executrix of this my last will and testament and I direct that no bonds be required of her as such executrix, and I further give unto my said executrix full power and authority to sell any or all of my estate, both real and personal, and invest the same in any manner she may see fit, carefully managing the same and keeping account of the same so that my estate may be traced from time to time and at her death go to my children as hereinbefore provided."

This will was duly probated in Maricopa county, and Mrs. Smith qualified as executrix and continued to act as such until her death in 1927. An inventory was filed and notice to creditors duly given, and at the time of the death of Mrs. Smith the community estate was in no manner indebted, but it had not been formally distributed by the court. During her lifetime she had sold a considerable portion of the realty, and at her death there remained some thirty-nine

acres of land and a little over $13,000 in cash, the proceeds of the community estate. She left a will, devising her estate to various persons and appointing Emma Teel, L. B. Morrell and Ada. Silliman as executors thereof. We shall hereafter refer to them as appellees.

William R. Roberson then applied for letters of administration *de bonis non* with the will annexed of the estate of Smith, which letters were duly issued to him. He made demand upon appellees for possession of all the property remaining in the hands of Mrs. Smith at her death, and, upon this demand being refused, brought suit against appellees, joining with him as party plaintiff Ernest T. Smith, a child of the marriage between George and Edna Smith. The case was heard before the court, and judgment rendered in favor of appellees, whereupon appellants have brought the matter before us for review.

In order that we determine the particular question at issue properly, it is necessary that we review some of the general principles of the law of Arizona in regard to community property and administration of estates. In the case of *La Tourette* v. *La Tourette,* 15 Ariz. 200, Ann. Cas. 1915B 70, 137 Pac. 426, we held that the object of the community property ownership is to make a beneficial cotenancy between the husband and wife of such property as either or both might acquire otherwise than by gift or exchange for separate property, and that such ownership, practically indissoluble during the existence of the marriage, generally involves a right of survivorship when the first owner who dies leaves no descendants, but otherwise resembles a tenancy in common. The husband, during his lifetime, is for many purposes the statutory agent or trustee of the community estate, but with his death this management and control ceases. The wife acquires, not her share of the

estate, for that was already hers, but the management and control of that share.

In the case of *Le Baron* v. *Le Baron,* 23 Ariz. 560, 205 Pac. 910, following the logic of the La Tourette case we held that, when the marriage relation was dissolved by divorce without a settlement of the property rights by the decree, the former spouses became equal owners of the property as tenants in common. We think this applies as well to a dissolution of the marriage by death, and that a surviving wife or husband, when there is no will and there are children of the marriage living, takes an undivided one-half of the property as a tenant in common with the children, who take the other half. *A fortiori,* when the deceased spouse has devised his or her half of the community to someone, the devisees, like the heirs, are tenants in common of the community with the surviving spouse, until in a proper manner there has been a partition of the estate.

By the will of George Smith, his wife took a life interest in his half of the community, with a remainder over to his children. Under its terms, had she entirely dissipated the community estate, or had she proceeded as executrix to a partition, either of which she might well have done, the situation herein involved would not have arisen. She died, however, with the community still undivided, and upon her death the rights of the remaindermen under the will of her husband vested, as did the rights of the devisees under her will, as tenants in common. What, then, are the rights of the respective administrators?

We have held in the case of *La Tourette* v. *La Tourette, supra,* that the probate court, in administering community property, may assume jurisdiction of the whole of the estate in order to determine the debts chargeable against it, and to direct their payment out of the community property. And, indeed, this is

the proper course in most of the cases where either spouse dies, for, while the title to the property vests immediately upon the death without administration, it vests subject to community debts, and these debts follow the property into the hands of a purchaser, unless they have been settled or barred in the manner provided by statute. It is therefore generally advisable to administer the entire estate, but the only purpose of such administration is to see that all community debts are either paid or barred. If, therefore, it appears that there are no such debts, the interest of the surviving spouse certainly should not be subject to the expenses of the administration, it being of no benefit to such estate. *Estate of Wilson,* 19 Ariz. 295, 168 Pac. 503. And while it may, perhaps, be advisable, even where there are no debts, that the interest of the deceased spouse in the community be carried to a final distribution, it is not for the purpose of passing the title to the heirs, for that, as we have said, has already vested, but for the purpose of determining judicially who those heirs are, and what their share in the property may be.

Applying these principles of law to the present situation, we find that the remaindermen under the will of George Smith are tenants in common with the devisees under the will of Edna Smith. Appellant Roberson is administrator *de bonis non* of the estate of George Smith, and since the purpose of administering the entire community estate is the paying of the debts, and since the only possible excuse for applying paragraphs 859 and 967, Revised Statutes of Arizona of 1913, Civil Code, which grant the executor or administrator the right of possession of the estate of a decedent, to that portion vesting in the surviving spouse by right of ownership and not of descent, is to subject it to the debts of the community, there can be no question but that, in view of the fact such debts

had been settled years before the appellant Roberson was not entitled to the possession of the undivided half of the community vested in Edna Smith, and afterwards in her devisees. Nor do we think that he was entitled to the possession of the moiety of the estate which had vested in the remaindermen under the will of George Smith. The right of possession given to the executor or administrator by statute is merely for the purpose of enabling him in proper cases to pay the debts and legacies. Where there are none such to be paid, there is no valid reason why he should have possession of the estate.

This precise question arose in the case of *Flood, Admr.*, v. *Pilgrim*, 32 Wis. 376, and the court therein held that, notwithstanding the statute an administrator under such circumstances was not entitled to possession of the realty of the estate as administrator. If the remaindermen under the will of Smith are deprived of their rights, they have their remedy as individuals against the persons in possession of the property, but it is as tenants in common that they must proceed.

The judgment of the superior court of Maricopa county is affirmed.

McALISTER and ROSS, JJ., concur.