[Civil No. 4517.   Filed May 24, 1943.]

[138 Pac. (2d) 292.]

ln the Matter of the Estate of Robert J. Monaghan, Deceased, RICHARD H. KENNERDELL, LU-. CILLE M. MADISON and ELSIE RIPLEY, Appellants, v. ELIZABETH G. MONAGHAN, Appellee.

Messrs. Cornick & Carr, Mr. Wallace W. Clark and Mr. O. M. Trask, for Appellant.

Mr. H. S. McCluskey, for Appellee.

STANFORD, J.—The Superior Court of Maricopa County, division of Judge M. T. Phelps, rendered its findings and judgment in an action to determine the character of property standing in the name of Robert Monaghan, and in the petition to probate his will designated as his separate property, the court

holding that such property was the community estate of testator and his wife, appellee herein.

It is the claim of appellants that the real estate involved in this appeal was the separate property of the deceased by reason of deeds and disclaimers given to him by appellee, conveying all of her right, title and interest in and to certain parcels of real property to her husband. Said instruments were duly acknowledged by the grantor before a Notary Public, delivered and duly recorded.

From the judgment of the court in this cause the appellee herein appealed from a certain portion of the Findings of Fact and Judgment having reference to attorney's fees to be paid to her, and the appellants herein have appealed from that portion of the Findings of Fact and Judgment which determines the following described real property to be community property of the deceased and the appellee herein:

"The South half of the NE ¼ of Section 32, Township 2 North, Range 1 East of the G. & S. R. B. & M., EXCEPT the East 33 feet for road purposes; and EXCEPT the West 90 feet of the SE ¼ of NE ¼ for right of way for canals, as shown by order of Condemnation rec. in Book 226 of Deeds, page 552, Rec. of Maricopa County, Arizona;

"The S½ of the S½ of the NE ¼ of Section 17, Township 2 North, Range 2 East, of the G. & S. R. B. & M., EXCEPT easements and rights-of-way;

"The East half of the East half of the Southwest Quarter of Section Thirty-four (34), Township 2 North, Range 2 East of the Gila and Salt River Base and Meridian; EXCEPT a strip of land containing approximately 1¼ acres lying West of the fence on the West line of said property (as said fence was located on August 10, 1916);"

Appellants contend that under Section 23–105, Arizona Code Annotated 1939, appellee, being the wife of deceased testator, had no right to testify concerning

transactions with her husband, since deceased, and without her testimony there is no competent evidence by which the court could render its judgment. Section 23–105, *supra,* reads as follows:

"*Limitations to testimony in actions by or against personal representatives.*—In an action by or against executors, administrators or guardians, in which judgment may be rendered, for or against them as such, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate or ward unless called to testify thereto by the opposite party or required to testify thereto by the court, and the provisions of this section shall extend to and include all actions by or against the heirs, devisees and legatees or legal representatives of a decedent arising out of any transaction with such decedent."

■■ A stipulation was entered into by the court that the evidence in the will contest could be used in this case. The appellants objected to the evidence of the appellee herein, however, but it is very evident from the findings of the court that the trial judge used her evidence which he had the right to do.

In the case of *Wolff* v. *First National Bank,* 47 Ariz. 97, 53 Pac. (2d) 1077, 1081, cited by counsel in this cause, we quote this paragraph from the opinion written by Mr. Chief Justice Lockwood, late of this bench:

" . . . We have held that the admission of such testimony is within the sound discretion of the court, and that when it, in the exercise of its discretion, overrules an objection to the competency of a witness under this section, its ruling is equivalent to requiring him to testify. *Costello* v. *Gleeson,* 15 Ariz. 280, 138 Pac. 544; *Goldman* v. *Sotelo,* 7 Ariz. 23, 60 Pac. 696. We think there is nothing to show that the discretion of the court was abused, and it was not error to admit the testimony."

Here we have a case of a will contest where appellee's evidence for certain purposes was allowed. We

have, together with that case, two other cases growing out of it, this one involving the character of property as to whether or not real estate is separate or community property. We are now holding in keeping with the above case that the court had a perfect right, if it did do so, to use the evidence of the appellee herein.

We also find that many exhibits of documentary character were admitted in evidence. Whatever were the means that the court used in arriving at the Findings of Fact this court does not know, but we do know that the court was clothed with the authority to use the evidence in the will contest case.

The judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.