70 Ariz. 349 (1950)
220 P.2d 726
In re MONAGHAN'S ESTATE.
MONAGHAN
v.
KENNERDELL.
Nos. 5098, 5099.
Supreme Court of Arizona.
July 15, 1950.
*350 H.S. McCluskey, of Phoenix, for appellant.
Wallace W. Clark, of Phoenix, for appellee.
FARLEY, Superior Judge.
This is an appeal from an order of the lower court, the effect of which apportioned *351 and charged to the surviving spouse's interest in the community estate one half of certain administration expenses, attorneys' fees, and other charges and expenses. The appellant, who is the surviving wife, contends that such order is contrary to the holding of this court in Re Monaghan's Estate, 65 Ariz. 9, 173 P.2d 107, and that such items should be charged not against the community but solely against the estate of the decedent. The appellee, who is the executor, contends the items were properly allocated charges against the entire community. In addition, the appellee has cross-appealed from the ruling of the lower court directing the payment of extraordinary attorneys' fees and future attorneys' fees solely out of the estate of the decedent and not by the entire community.
This court has, in a number of cases, adopted the rule of "the law of the case" as controlling where a matter has come before it for a second time, even though the previous opinion may have been erroneous. Snyder v. Pima County, 6 Ariz. 41, 53 P. 6; Menager v. Farrell, 6 Ariz. 316, 57 P. 607; Arizona-Parral Mining Co. v. Forbes, 16 Ariz. 395, 146 P. 504; Hudspeth v. Blue Bar Taxicab, etc., Co., 28 Ariz. 440, 237 P. 382; Metcalf v. Phoenix Title & Trust Co., 35 Ariz. 73, 274 P. 632; Commercial Credit Co. v. Street, 37 Ariz. 204, 291 P. 1003; Miller Cattle Co. v. Francis, 38 Ariz. 197, 298 P. 631; Western Coal & Mining Co. v. Hilvert, 63 Ariz. 171, 160 P.2d 331. See also extensive annotation in 1 A.L. 1267. The more recent trend, however, would indicate that the rule of "the law of the case" is being relaxed in many jurisdictions to make an exception where it clearly appears that the former decision was erroneous. 3 Am.Jur., Appeal and Error, Sec. 990, p. 546. Appellate courts as a result are confronted with the problem of determining the respective values to society in following the rule without exception or abandoning it when its application would result in an injustice to a particular litigant. The basis for the rule in the first instance was to effect stability in judicial decisions and to avoid further litigation. Ordinarily matters clearly determined after solemn consideration should, under our theory of jurisprudence, impose upon the trial court strict obedience and conformity to the principles announced. Consequently, we are not prepared at this juncture to abandon entirely our position heretofore expressed on the applicability of "the law of the case" doctrine; but in those instances where the court has expressly reserved its opinion on some aspect of the case, the rule of "the law of the case" should not be extended to prevent a re-examination of the case as to those matters not expressly passed upon. In such an event any criticism to the effect that appeals may be taken piecemeal is unwarranted inasmuch as the court has expressly reserved its opinion on such point. We think this is true even in those instances where a motion for a rehearing, based in part upon some aspect of the case not *352 touched upon by the court in its previous opinion, is denied without opinion.
In the light of the foregoing conclusion we have carefully reviewed the expression of this court in Re Monaghan's Estate, supra, which prescribed the duty of the trial court in the premises and was its only guide in passing upon the questions now presented to us. Our view now is that that opinion is not conclusive on the particular issues now before us in this appeal under the law of the case doctrine. In that opinion we stated per Justice Morgan: "It must be understood that in this opinion we are considering only the ordinary and usual expenses of administration, such as probate fees, the usual attorneys' fees and fees payable or allowed to the representative,  these being the only items involved under the order of sale. Whether, under the provisions of section 38-1201, supra, special allowances to attorneys and administrators would be considered as expenses, we do not now decide." [65 Ariz. 9, 173 P.2d 112]
The fees under consideration by the court at that time were not the usual fees as the court erroneously assumed in the concluding paragraph of the opinion: "In the present case, since all of the debts and the widow's allowance had been paid, and the sale ordered was for the satisfaction of expense items, to-wit, the usual attorneys' fees and commissions of the representatives, the court had authority only to direct a sale of the interest of the decedent."
There was no discussion anywhere in that opinion concerning the allowance of extraordinary fees for the special administratrix or her attorney such as we are concerned with in the present appeal.
As stated in the opinion In re Monaghan's Estate, supra, the entire estate was appraised at approximately $45,000. The allowance in full for the special administratrix even at the statutory rate for a regular administrator would amount to only $1,920.00. Since it is customary for the special administrator to receive less than that paid the regular administrator the allowance of $2,500 for her and her attorney must necessarily have been one including extraordinary services. This is borne out by reading the First and Final Account and Report of the Special Administratrix reciting in detail the services performed as a basis for the special allowance. It includes the leasing of property, renewal of leases on five different parcels, making of repairs, filing of lawsuits, sales of property, collection of funds, settlement of claims, and preparation and filing of tax returns. It would clearly appear, therefore, that the allowances were within the following language of the court and should be charged to the entire community: "* * * We are, however, satisfied that expenses incurred by the representative for carrying on a business formerly belonging to the *353 community, or special fees or charges incurred in collecting the whole of community assets, or in the preservation of such assets, such as repairs, should be borne ratably by the respective interests of the survivor and the deceased." and such also must have been the conviction of the trial judge, who was aware of the nature and character of the services performed and of the purposes for which the allowance to the Special Administratrix and her attorney was made.
The test to be made in determining whether extraordinary fees should be paid pro rata by the estate of the decedent and by the interest of the survivor in the community or by the decedent's interest alone is determined by the answer to the query "What, if any, benefit has the whole community derived from such extraordinary services?"
It seems clear that extra fees awarded the Special Administratrix and her attorney in looking after the community estate should be borne equally by the survivor's and the decedent's interest in the community. This is especially true when the Special Administratrix is the survivor, as in the case before us.
On the other hand it is equally clear that extraordinary fees for attorneys in defending a will contest were of no value to the survivor's interest in the community; and consequently such extraordinary fees should be paid out of the decedent's interest alone, and the trial court was correct in its ruling on that point.
The other items apportioned by the trial court against the whole community should have been charged only against the decedent's interest under the rule stated in Re Monaghan's Estate, as they were expense of administration items or personal debts of the decedent, and the judgment of the trial court on that phase should be reversed.
The case is remanded to the lower court with instructions to proceed in accordance with this opinion.
PER CURIAM.
We concur in the result. This for the reason that in our opinion the decision in the previous appeal is ambiguous and conflicting and hence the rule of "the law of the case" is not controlling. 3 Am.Jur., Appeal and Error, Sec. 989.
LA PRADE, C.J., and UDALL, DE CONCINI and STANFORD, JJ., concur.