227 P.2d 227

**In re MONAGHAN'S ESTATE.**

**MONAGHAN v. KENNERDELL.**

Nos. 5098, 5099.

Supreme Court of Arizona.

Jan. 19, 1951.

H. S. McCluskey, of Phœnix, for appel-lant.

Wallace W. Clark, of Phœnix, for apellee.

PER CURIAM.

On July 15, 1950, this court handed down the second of two opinions in the above entitled matter. The first opinion, In re Monaghan's Estate is reported in 65 Ariz. 9, 173 P.2d 107; the second, in 70 Ariz. 349, 220 P.2d 726. Subsequent to the second opinion appellant filed this motion for rehearing. It is now contended that the second opinion should be set aside on two grounds: (1) that it violates the rule of "law of the case" as laid down in the first opinion; and (2) that the second opinion when compared with the first leaves the law in an ambiguous and uncertain state.

We consider primarily the first objection and, if it is well taken, the court need go no further. What is meant by the

phrase "law of the case?" The court first discussed it in Snyder v. Pima County, 6 Ariz. 41, 53 P. 6, in the following language: " * * * Even though we should now be convinced that this court had made a mistake in its former judgment, directing the district court to overrule the demurrer and proceed to trial, yet that judgment is the law in this case. Its construction is more than *stare decisis.* It becomes *res adjudicata.* While this court may reserve to itself the right to reverse that decision as it may be applied to another case, yet it is well settled that a judgment of an appellate court in a case becomes the law of that particular case, and is not subject to review thereafter on second appeal. (Citing cases.) * * *"

The same rule is stated in Commercial Credit Co. v. Street, 37 Ariz. 204, 291 P. 1003, 1004, quoting 4 C.J., Sec. 3075, p. 1093: " 'It is a rule of general application that the decision of an appellate court in a case is the law of that case on the points presented throughout all the subsequent proceedings in the case in both the trial and the appellate courts, and no question necessarily involved and decided on that appeal will be considered on a second appeal or writ of error in the same case, provided the facts and issues are substantially the same as those on which the first decision rested, and, according to some authorities, provided the decision is on the merits. This doctrine is not one whose extension is looked upon with favor, and it is adhered to in the single case in which it arises and is not carried into other cases as a precedent.' " See, also, 5 C.J.S., Appeal and Error, § 1821.

There are many other cases in Arizona upholding the same rule. On the other hand some states follow the rule that when the appellate court on the second appeal is convinced the first decision is erroneous the "law of the case" rule is not inflexible. And where the court expressly reserves its decision on any point raised in the first appeal it is not conclusive as to those matters reserved. Welton v. Cook, 61 Cal. 481. Nor is it conclusive on points where the first decision is ambiguous and conflicting. Gage v. Downey, 94 Cal. 241, 29 P. 635; Moore v. Barclay, 23 Ala. 739, 3 Am.Jur., Appeal and Error, Sec. 989.

It will be seen that two important principles are in conflict. The first is that a judgment clearly erroneous should not stand. The other is that at some time there must be an end to litigation and a final decision that parties can rely on. The reason for this latter principle is discussed in McGovern v. Kraus, 200 Wis. 64, 227 N.W. 300, 67 A.L.R. 1381. After a careful consideration of the matter we are of the opinion that in the long run better results will be obtained by upholding the rule, so long the law of Arizona, that, except on matters not expressly reserved or when the previous decision is ambiguous and uncertain, the court should continue to follow its many

decision applying the rule of law of the case as res judicata.

■ We are of the opinion that the first decision In re Monaghan's Estate, supra, is subject to both exceptions: first, as having at least one of the most important questions involved in the instant appeal expressly reserved in that case; and, second as being in many points ambiguous and uncertain. We therefore consider the legal points involved anew.

There were in substance three questions raised by the second appeal and determined by the court in its opinion. They concerned various items of expense which were approved by the trial court and the questions involved whether these items should be charged prorata against the separate interests of decedent and of the surviving spouse in the entire community estate, or whether they should be charged entirely against the interest of the deceased.

■ As to all but one of these items, appellant is in no position to complain for the decision thereon, whether right or wrong, was in her favor. Thus, the only remaining item involved raises a question pertaining to the administrator's commission and the attorney fees, incurred partly at least, in the collection of community assets or in the protection and preservation of the community estate.

Appellant claims that if the court's second opinion stands there will be hopeless conflict existing in the law. We therefore restate the following principles, which have long been approved by this court, for the purpose of clarifying the situation.

■ (1) The survivor of a marital community takes one-half of the community property in his own right as owner and not as an heir. La Tourette v. La Tourette, 15 Ariz. 200, 137 P. 426.

■ (2) The property is subject nevertheless to the community debts. Section 39-109, A.C.A. 1939.

(3) If there are no community debts probate of the interest of the survivor is not necessary. In re Estate of Wilson, 19 Ariz. 205, 168 P. 503. See also Nowland v. Vinyard, 43 Ariz. 27, 29 P.2d 139, 140.

■ (4) Where the estate of decedent only is probated, the entire cost of probating such estate must be borne by his share of the community. Nowland v. Vinyard, supra.

(5) If, however, there are community debts the entire community estate should be probated and the cost of probating same should be borne by the whole community estate. °

Counsel for appellant insists that Sec. 38-1201, A.C.A. 1939, is controlling on this latter point and that irrespective of whether or not the whole community is probated, the estate of the decedent alone should bear such expense. We do not feel that such a position is tenable inasmuch as Sec. 38-1201 deals primarily with *sales* in probate and is a part of Art. 12 pertaining to "Sales and

**338**

Conveyances by Personal Representative." Furthermore, that section specifically provides that the estate of decedent is chargeable with the expenses of *administration* *"except as otherwise provided by law"*. Since Sec. 38-1402 does make such other provision, we think it is controlling. The latter section deals not with sales, as does Sec. 38-1201, but with expenses of administration, the point under consideration. The question was before this court in Nowland v. Vinyard, supra, and the following language was used by the court: "If, however, there are community debts, the most convenient, speedy, and practical method of clearing the estate is to confer on the personal representative of the decedent the administrative right and power, subject to the directions of the probate court, to collect its assets and pay its debts. This is what we think the Legislature intended should be done. The expenses of administering the community property should, then, be borne by the whole community. Any charges against the community not authorized as expenses, or any claim not a community debt or obligation, should not be paid out of the community funds." Secs. 38-1402 and 38-1404, A.C.A. 1939.

(6) Any costs not for the benefit of the whole community estate should not be paid by it, but by the estate it benefits.

Applying these principles to the facts as shown by the record it appears that there were community debts and that the whole community estate was properly probated. Since the only item of expense questioned by the appellant and decided against her was clearly the cost of administering the whole community estate, the decision of the court on this item was correct.

We adhere to the disposition heretofore made of the matters raised on this appeal.

UDALL, C. J., STANFORD, DE CONCINI, and LA PRADE, JJ., and GORDON FARLEY, Superior Judge, concur.