407 P.2d 102

In the Matter of the ESTATE of Arthur Marshal FOREMAN, aka Arthur Marshal Forman, aka Arthur M. Foreman, aka Arthur M. Forman, aka A. M. Foreman, aka A. M. Forman, Deceased.

FIRST NATIONAL BANK OF ARIZONA, PHOENIX, Executor of the Estate of Arthur Marshal Foreman, deceased, and Richard Forman and Mary Joan Koenigs, Beneficiaries under the Last Will and Testament of Arthur Marshal Foreman, deceased, Appellants,

v.

Laura THOMASON, Individually and as Administratrix, with Will Annexed, of the Last Will and Testament of Mary R. Foreman, Deceased, Appellee.

No. 7661 PR.

Supreme Court of Arizona.

En Banc.

Oct. 29, 1965.

Rehearing Denied Nov. 30, 1965.

Fennemore, Craig, Allen & McClennen, by Kent A. Blake, Phoenix, for appellant.

Jennings, Strouss, Salmon & Trask, by John R. Christian, Phoenix, for appellant Richard Forman.

Jerry L. Smith, Flagstaff, for Mary Joan Koenigs.

Stokes & Moring, Casa Grande, for appellee.

BERNSTEIN, Justice.

The First National Bank of Arizona, executor under the last will and testament of Arthur Marshal Foreman, and the beneficiaries under the will, Mary Joan Koenigs and Richard Forman, brought this matter before the Court of Appeals from a Pinal County superior court order fixing the costs of administration, attorney's fees, executor's fees and the family allowance against the deceased's half of the community property.

The trial court's orders were reversed by the Court of Appeals, 1 Ariz.App. 41, 399 P.2d 175, February 19, 1965, and appellees below moved that this matter be reviewed by this court. The Court of Appeals addressed itself to the following issues: (1) must the whole community estate be probated; (2) are executor's fees calculated on the entire community estate or only upon the deceased's interest therein; and (3) is the whole community estate to be charged with the costs of administration and family allowance or is only deceased's interest therein to be so charged.

When Foreman died there was, inter alia, $32,052.57 cash belonging to the community and only a total of $434.70 in community debts. The Court of Appeals cited Nowland v. Vinyard, 43 Ariz. 27, 29 P.2d 139; In re Monaghan's Estate, 65 Ariz. 9, 173 P.2d 107; In re Monaghan's Estate, 70 Ariz. 349, 220 P.2d 726; In re Monaghan's Estate, 71 Ariz. 334, 227 P.2d 227, for the proposition that where there are community property debts at the time of one spouse's death, the entire estate must be probated. It then went on to hold that since there were $434.70 in community debts the entire community estate must be probated and the costs of administration, attorney's fees, executor's fees (based on the entire community property estate of both the husband and the wife) and the family allowance must be borne by the entire community estate. Accordingly, the trial court was reversed with

instructions, but not before the Court of Appeals stated:

"This may be a harsh rule in many instances, as it seems to be in this case, but it is not for this court to change the clear and established law of this State."

With the proposition that where there are community debts the entire community estate must be probated the beneficiaries contend that the $20,000 in attorney's fees be apportioned to the entire community estate. Similarly the First National Bank argues that the executor's fees be predicated on the community interest of both husband and wife instead of the deceased's half only, thereby entitling it to $16,621.50 instead of the $8,310.75 provided for by the trial court's order. With only these two elements then, the cost of administration would exceed $36,000. Finally, the beneficiaries relying on In re Monaghan's Estate, 65 Ariz. 9, 173 P.2d 107, try to persuade us that the family allowance is to be assessed to the entire community estate.

Under the facts of the case at bar we believe it would be unconscionable to submit the survivor's interest to the high costs of administration here incurred. The facts clearly show that at the outset the community debts could easily have been paid from the community assets on hand thus obviating the need to bring the survivor's interest into probate. Further, we fail to see how the executor's efforts were increased by virtue of the fact that the surviving wife's interest was before the probate court. The In re Estate of O'Reilly, 27 Ariz. 222, 227, 231 P. 916, 918, is here controlling:

"We are of the opinion that the statute providing commissions for executors and administrators contemplated the performance of some service on the part of such officers for which the fee is to be paid. In this case the only duty or obligation which devolved upon the executor with reference to the advances made by the testatrix during her lifetime was to see that the same were deducted from the distributive shares of the beneficiaries to whom such advances had been made. This entailed no appreciable service of administration on the part of the executor for which compensation should be allowed, and, under our construction of the statute, the lower court properly rejected the claim.

"Fair compensation should be allowed officers in the administration of an estate for services actually performed, but it is also the duty of the court to safeguard the property of the estate, and not countenance claims in the absence of reasonable justification."

When either spouse dies the title to the survivor's interest in community real property vests immediately, LaTourette v. LaTourette, 15 Ariz. 200, 137 P. 426; In re Estate of Wilson, 19 Ariz. 205, 168 P. 503, and similarly the real property of a de-

ceased person changes in ownership upon his death by operation of law and becomes vested in his heirs. Home Insurance Co. v. Latimer, 33 Ariz. 288, 264 P. 103; Stephens v. Comstock-Dexter Mines, Inc., 54 Ariz. 519, 97 P.2d 202. Such is not the case with personalty, for title to personal property vests in the administrator upon death. In re Jacob's Estate, 81 Ariz. 288, 305 P.2d 438. However, despite this distinction the realty of the community estate may still come under the jurisdiction of the probate court to satisfy community debts. Accordingly, the interest of the heirs is subject to the payment of the debts of the estate, the expense of administration and the family allowance as provided by the Arizona Revised Statutes. If there are no community debts or where they are insignificant in comparison to the community assets on hand the interest of the surviving spouse should not be subject to the expenses of administration, where it does not benefit the survivor's estate.

> "We have held in the case of La Tourette v. La Tourette, supra, that the probate court, in administering community property, may assume jurisdiction of the whole of the estate in order to determine the debts chargeable against it, and to direct their payment out of the community property. And, indeed, this is the proper course in most of the cases where either spouse dies, for, while the title to the property vests immediately upon the death without ad-

ministration, it vests subject to community debts, and these debts follow the property into the hands of a purchaser, unless they have been settled or barred in the manner provided by statute. It is therefore generally advisable to administer the entire estate, but the only purpose of such administration is to see that all community debts are either paid or barred. If, therefore, it appears that there are no such debts, the interest of the surviving spouse certainly should not be subject to the expenses of the administration, it being of no benefit to such estate." Roberson v. Teel, 35 Ariz. 166 at 170, 171, 275 P. 2 at 4.

This principle applies equally to personalty as well as realty. Faulkner v. Faulkner, 23 Ariz. 313, 203 P. 560; In re Jacob's Estate, 81 Ariz. 288, 305 P.2d 438.

In regard to the family allowance, we believe A.R.S. § 14–681 is quite clear, and In re Monaghan's Estate, 65 Ariz. 9, 173 P.2d 107, is inapplicable because of its factual setting. Section A.R.S. § 14–681 states:

> "Except as otherwise provided by law, the property of a decedent shall be chargeable with payment of * * * the allowance to his family * * *."

In the first In re Monaghan's Estate case this court employed the excepting clause of § 38–1201, A.C.A. 1939 [presently A.R.S. § 14–681]. The facts in that case showed that the community debts exceeded community assets which there permitted this

·court to rely on § 38–903, A.C.A. 1939, the predecessor of our present A.R.S. § 14–515, as follows:

"If the amount set apart be insufficient for the support of the widow and children, or either, the court shall make such allowance out of the estate as may be necessary for the maintenance of the family,"

The court there noted the sections preceding § 38–803, A.C.A. 1939, and held that the estate consists of, amongst other things, the interest of the survivor if such interest is being probated to satisfy community debts. Clearly, in the first Monaghan case the entire community estate was being probated because there the community debts exceeded the community cash on hand and the representative took possession of all ·community property. Thus, under the facts there the court could say the entire community estate makes up the "estate" and point to the mandate of § 38–903, A.C.A. 1939 [presently A.R.S. § 14–515] which brought into force the excepting provision of § 38–1201, A.C.A. 1939, [presently A.R.S. § 14–681]. The opinion of the Court of Appeals is vacated and the judgment of the superior court is affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL, J., concur.

NOTE: Justice McFARLAND, J., having disqualified himself, did not participate in the determination of this appeal.