[Crim. No. 2820. Third Dist. Apr. 7, 1958.]

THE PEOPLE, Respondent, v. RAYMOND OWEN EDWARDS, Appellant.

Patrick R. Murphy, under appointment by the District Court of Appeal, for Appellant.

No appearance for Respondent.

SCHOTTKY, J.—Raymond Owen Edwards was found guilty by a jury of violating section 503 of the Vehicle Code. The information charged him with feloniously driving and taking a trailer belonging to Town and Country Rentals without the consent of the owner. He has appealed from the judgment entered upon the verdict.

Appellant does not question the sufficiency of the evidence to support the judgment, but urges as grounds for reversal that the court committed prejudicial error in the admission of certain testimony and that the district attorney was guilty of prejudicial misconduct. Before discussing these contentions we shall give a brief summary of the evidence as shown by the record.

The evidence produced at the trial disclosed that a Selma trailer, the property of Town and Country Rentals, disappeared from King's Service Station, the Modesto agent of the trailer company, between the evening of June 23, 1957, and the morning of June 24, 1957. No one at the service station authorized anyone to take the trailer; no rental contract was made.

Appellant and one Charles Fred Brasher drove to Modesto late in the evening of June 23, 1957, in appellant's 1950 Chevrolet station wagon, arriving there about midnight. In passing through Patterson, a nearby town to Modesto, the appellant pointed out the Azevedo Market as a place where they could get easy money. In Modesto they stopped in front of a bar which Brasher entered to go to a restroom. When Brasher returned a few minutes later there was, for the first time that evening, a trailer attached to the automobile. The trailer was identified as the one which disappeared from the service station. The two men then drove to Patterson, detached the trailer from the station wagon, drove for a while and then drove behind the Azevedo Market and entered the market where they were apprehended. Brasher testified that the trailer was to be used to haul groceries or a safe.

Various tools, including crowbars, a sledge hammer and a hatchet, were found in the market by the officers. None of these tools belong to the owners of the store or were in the store when it closed the day before. The crowbars had previ-

ously been in appellant's station wagon. A dolly, some blankets, webbing and a large amount of rope, and a bolt cutter were found in the rear of appellant's station wagon. Appellant admitted that these tools belonged to him.

A member of the Patterson Police Department testified that about 1:30 a.m. he noticed a Chevrolet station wagon in which two men were riding, one of whom was wearing a cowboy hat (Brasher was wearing such a hat), and that the station wagon had a Town and Country trailer attached. Later, the trailer was found parked about one-half mile from the market. A tire imprint 2½ feet from the trailer matched the tread of the left rear tire of the Chevrolet station wagon. Appellant admitted that the station wagon was his automobile.

Appellant testified on his own behalf. On direct examination he denied taking the trailer and denied ever having it attached to his car. In rebuttal the district attorney was allowed to prove various details of the burglary of the market in Patterson and a burglary which had occurred on May 14, 1957, in Modesto. In the Modesto burglary a safe was found in a trailer which belonged to appellant, in the rear of the burglarized establishment.

Appellant's first contention is that the court erred in admitting testimony of the details of the burglary in the market at Patterson on June 24, 1957. The evidence of the burglary in Patterson came in by way of rebuttal. On direct examination appellant denied that he ever had the trailer attached to his car, testified that he never saw it before, and that his car was in Patterson and Modesto the evening in question. On cross-examination he testified that he was in Modesto about 12:45 a.m. for the purpose of getting a job in the fields; that he had to return to San Francisco about 8 a.m.; that he went to Patterson to seek a location for a flower shop. The district attorney then asked the following questions, among others:

"Isn't it true you went to Patterson to more or less look over the Azevedo Market for the purpose of burglarizing it?"

"In fact, you were found inside the market, weren't you?"

"What were you doing inside the grocery store?"

"Did you attempt to open the safe?"

"Was it your intention to remove the safe if you could not open it?"

"You are certain you didn't intend to use this trailer, you and Mr. Brasher, to haul away the safe out of Azevedo's Market?"

Appellant's objections to these questions were overruled, and appellant denied any intent or attempt to burglarize the Azevedo Market, and stated that he entered it thinking that it was a motel. The prosecution then was permitted, over the objection of appellant, to introduce evidence of the details of the burglary of the market.

Appellant contends that all of the evidence relating to the burglary of the Azevedo Market in Patterson was inadmissible and highly prejudicial and was introduced solely to show appellant's criminal inclination and to prejudice and inflame the jury against him.

Appellant cites from 18 California Jurisprudence 2d, page 583, as follows:

"Subject to certain exceptions, evidence of the commission of other independent offenses by the accused, having no tendency to prove a material fact in connection with the particular crime charged, cannot be given by the prosecution, unless it is a part of the res gestae."

Appellant argues that there is no direct relationship in the instant case between the commission of a burglary and the theft of a motor vehicle, the crime with which appellant was charged.

Respondent in reply contends that evidence of the Patterson burglary was admissible as part of the res gestae and to show motive and establish intent. Respondent states that it was the theory of the prosecution that the theft of the trailer, the crime with which the appellant is charged, was part of a larger scheme to burglarize the Azevedo Market and take the safe from the premises in the event the appellant could not open it; that the scheme was interrupted by the apprehension of the perpetrators in the market so that the taking and use of the stolen vehicle was never completed; and that since the res gestae of the theft of the trailer included breaking into the market, the attempted taking of the safe and the intent to load the safe on the trailer, the proof of these acts became relevant to the principal offense.

We think that there was no error in the admission of evidence showing the commission of the burglary of the Azevedo Market on June 24, 1957. ▮ It is well settled that if the proof fairly and logically establishes a motive for the crime charged, it is admissible though it also proves another crime by the defendant. (*People* v. *Peete*, 28 Cal.2d 306 [169 P.2d 924]; *People* v. *O'Brand*, 92 Cal.App.2d 752 [207 P.2d 1083].) The jury was properly instructed that this was one

of the purposes for which they could consider the evidence.

It is apparent that the evidence showing the breaking and entering of the market, the attempted opening of the safe and the possession of tools such as a bolt cutter, dolly, webbing and rope tended to prove that the motive for the taking of the trailer was its use in transporting the safe in the event it could not be opened inside the market. Since the evidence was relevant and therefore admissible, the trial judge properly overruled the objection of counsel.

The evidence of the burglary on June 24, 1957, was also relevant as corroborating the testimony of Brasher, a possible accomplice in the offense. The jury was correctly instructed as to the definition of an accomplice and the need of corroborating such testimony by other evidence as shall tend to connect the defendant with the commission of the offense. In corroboration of such testimony the entire conduct of the parties, their relationship, acts, and conduct during and after the crime, may be taken into consideration by the jury in determining the sufficiency of the corroboration. (*People* v. *Griffin*, 98 Cal.App.2d 1 [219 P.2d 519].)

Appellant next contends that the court committed prejudicial error in admitting over appellant's objection evidence of the crime of burglary committed in the city of Modesto, at the Modesto Livestock Company, on May 14, 1957, with the use of appellant's trailer.

At the trial, in rebuttal, Mr. Jack Avila testified that he had gone to the Modesto Livestock Company on old Crows Landing Highway at 5 a.m. on May 14, 1957, and observed two men loading something on a trailer; that the car pulling the trailer was a "Chevvie" or Ford station wagon and was a light color; that after going to the office behind the sales yard he returned and saw the trailer, but the station wagon was gone; that there was a safe in the trailer.

Edward Bates, a criminal investigator for the county of Stanislaus, testified that he investigated a burglary early in the morning of May 14, 1957, at the Modesto Livestock Auction Yard and that a safe was found in the trailer identified in the testimony of Jack Avila. Appellant Edwards admitted that the trailer found in the yard of the Modesto Livestock Company on May 14, 1957, was his trailer. An investigation made by the sheriff's office of the county of Stanislaus showed that the trailer belonged to Edwards.

There was no evidence that appellant was in Modesto on May 14, 1957, and the only evidence tending to connect ap-

pellant with that burglary was evidence that appellant's trailer was found with the safe in it. The appellant on cross-examination testified that his trailer had been stolen from his home in San Francisco, and denied any connection with the Modesto burglary. It does not appear that appellant was ever charged with the May 14th burglary.

Respondent argues that evidence of the May 14th Modesto burglary was properly admissible to show "the identity in this very trial before the court, to show the modus operandi, to show a common scheme and plan." Respondent points out that the jury was instructed that evidence of such other offenses was not offered to prove distinct offenses or continual criminality and that they could only consider such evidence for the purpose of showing "First, the identity of the person who committed the alleged crime in question in this case, if it was committed; or, second, that the defendant had a motive for the commission of the offense charged against him in this action; or, third, that there existed in the mind of the defendant, a plan, scheme, system or design, into which fitted the commission of the offense for which he is now on trial."

 While it is true that evidence of other similar crimes is admissible to show a common plan or system of operation, it is also true that the evidence of defendant's guilt of such other crimes must be established by evidence which clearly connects defendant therewith. It is of course fundamental that a defendant in a criminal case cannot be required to defend himself against any other crime than the one with which he is charged. This rule does not exclude evidence of other crimes when it is relevant to establish a defendant's guilt of the crime for which he is being tried, notwithstanding the fact that it tends to connect the accused with an offense not included in the charge. Likewise, if the proof fairly and logically establishes a motive for the crime charged, it is admissible even though it proves another crime by defendant. (*People* v. *Peete, supra; People* v. *O'Brand, supra.*) But evidence of such other crimes should not be received unless the defendant is clearly connected therewith.

Respondent apparently recognizes this, for throughout its argument respondent makes such statements as: "The evidence that appellant committed the May 14th burglary tended to show that there existed in the mind of the appellant a plan, scheme or design, into which fitted the commission of the offense for which he was on trial." "From the facts connecting the appellant with the events occurring on May 14th, it

could be inferred . . ." "The fact that the appellant had used a trailer on May 14th to attempt to haul away a safe in the burglary of an establishment in the Modesto area again tended to show the motive for the theft of the trailer on June 24th." However, the weakness of respondent's position is that merely because the safe was found in a trailer belonging to appellant it cannot be assumed, as respondent assumes, that it has been established that appellant committed the Modesto burglary of May 14, 1957. ▮ The well established rule is that possession of stolen goods is not of itself sufficient to justify a conviction of larceny, although it is a circumstance to be considered in connection with other proven facts.

▮ We believe that the evidence of the Modesto burglary should not have been admitted. This error was accentuated by the following instruction given by the court:

"Evidence was offered in this case tending to show that the defendant committed other crimes than the one of which he is accused and for which he is on trial in this action.

"Such evidence was received for a limited purpose only; not to prove distinct offenses or continual criminality, but for the bearing, if any, as it might have on the question whether the defendant is innocent or guilty of the crime charged against him in this action in the information."

Having concluded that it was error to admit the evidence of the Modesto burglary we must next determine whether such error requires a reversal of the judgment. By the mandate of section 4½ of article VI of the Constitution of California we may not reverse a judgment "on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." ▮ As stated in *People* v. *Watson,* 46 Cal.2d 818, at page 836 [299 P.2d 243]:

"Giving due consideration to the varying language heretofore employed in relating the constitutional amendment to the particular situations involved, it appears that the test generally applicable may be stated as follows: That a 'miscarriage of justice' should be declared only when the court, 'after an examination of the entire cause, including the evidence,' is of the 'opinion' that it is reasonably probable that

216

a result more favorable to the appealing party would have been reached in the absence of the error."

■ We have carefully examined the entire record and are satisfied that the evidence properly introduced was of such strength that the hereinbefore mentioned error in the admission of evidence did not result in a miscarriage of justice. Under such circumstances we would not be justified in reversing the judgment.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.