404 P.2d 729

**The STATE of Arizona, Appellee,**

v.

**Stephen Lester WAITS, Appellant.***

**No. 2 CA–CR 19.**

Court of Appeals of Arizona.

Aug. 2, 1965.

---

Darrell F. Smith, Atty. Gen., Phoenix, Norman E. Green, County Atty. of Pima County, Howard Kashman, Deputy County Atty., Tucson, for appellee.

Arthur W. Vance, Jr., Tucson, for appellant.

---

* This appeal was filed with the Arizona Supreme Court and assigned that court's No. 1551. The matter was referred to this court pursuant to § 12–120.23 A.R.S.

MOLLOY, Judge.

This is an appeal from a conviction of a crime of forgery.

The assignments of error involve the nature of the evidence produced against the defendant by the State and therefore the same will be recounted briefly at this time.

A person by the name of Cort Schuyler testified that he had a checking account with the Valley National Bank, that he had certain imprinted checks with his name and address thereon for said account, that he lost these checks during the first part of August 1964, and that he did not know the defendant and had not given him authority to draw upon the account. The sister of the defendant testified that on the day the ·alleged forgery took place, she saw the book of checks imprinted with the name of Cort Schuyler in the possession of her brother, she was with the defendant when he secured false identification in the name of Cort Schuyler at a penny arcade, she was with him when he went to a food store and saw him sign his name to one of these checks and cash same in the sum of $15.00. The sister further testified that she and her brother left the food store and immediately thereafter cashed another check for three dollars and something out of the same checkbook at a Blakely service station. The attendant at the food store identified the defendant as the person who had cashed the $15.00 check and testified that the defendant had signed the check in his presence with the name of ·Cort Schuyler. The attendant further testified that he was instructed by his employer and that it was his standard procedure to insist that all checks cashed be made out and signed in his presence. Three police officers were called who testified they had arrested the defendant, found in his possession the false identification in the name of Cort Schuyler and the balance of

the imprinted checks of Cort Schuyler, and that the defendant had stated to them, after being warned of his constitutional rights, that he had cashed "the checks" at the food store and at the Blakely service station.

When the defendant took the stand he admitted having found the imprinted checks at a drive-in theater where he was working and admitted cashing the two checks at a food store and at a Blakely service station. His defense was that the first two blank checks had been signed by "Cort Schuyler" when he found them, and that he was thus not guilty of forgery, the only crime with which he was charged.[1]

The jury had the opportunity of examining the check as to which the defendant was charged with forgery (the check cashed at the food store) and to compare the signature thereon with the other writing on the same check, and also with a sample taken of the signature of the real Cort Schuyler.

The jury brought in a verdict of guilty and this appeal followed.

The assignments of error are: (1) evidence of cashing of the second check should not have been admitted, (2) this is particularly so because the State was not prepared to prove the cashing of this check beyond a reasonable doubt or by clear and convincing evidence, and (3) the trial court did not give a cautionary instruction to the jury as to the use of evidence of the cashing of the second check.

Going first to the appellant's contention that the evidence of the second check cashing should not have been admitted, we are faced with the argument that the cashing of this other check was immaterial since "the defendant admitted the evil intent" and denied only forging the signature of the drawer. The cashing of the second check, it is argued, thus sheds no light on the only issue in the case, whether the de-

I. Throughout the briefs filed with this court, it is assumed that if the particular checks in question had been signed by Court Schuyler and then lost, the filling out of the checks by the defendant and

cashing them would not be forgery, the crime charged. This is probably not the law. See 37 C.J.S. Forgery § 7, p. 37, and State v. Daems (1934) 97 Mont. 486, 37 P.2d 822.

fendant wrote the name of Cort Schuyler on the check cashed at the food store. Udall Arizona Evidence § 115, note 15, is quoted:

"There is no evidentiary value in the fact that a criminal act is a part of a scheme or plan, *unless* the showing of scheme or plan tends to prove intent, guilty knowledge, motive, or some element of the crime charged. In this sense it is improper to list 'scheme or plan' as a separate and independent ground for the admission of evidence showing another crime. * * *" (Emphasis in original)

The fallacy in defendant's argument is that while the defendant admitted an evil design after he took the stand in his own defense, prior to this time he had not admitted anything. By entering a plea of not guilty to the offense charged, he put the State on its proof as to all elements of the crime of forgery.

In this case, the two offenses with which we are concerned are intimately connected. The sister testified that both checks were cashed in an effort of the brother to help her raise enough money to leave home. They were cashed within an hour of one another and exactly the same method or plan was used—that is, the using of the imprinted checks which the defendant had found. Under these circumstances, the fact that two checks were cashed, using exactly the same methods, would tend to shed some light upon all elements of this particular crime. For instance, if it be a necessary element that the defendant actually wrote the signature of Cort Schuyler on the check in question, the fact that two such checks were cashed makes it somewhat less probable that the check cashed was already signed by the real Cort Schuyler. It is possible, though improbable, that one of the checks in the checkbook was signed when it was lost. It is possible, but more improbable, that exactly two such checks were so signed, with none of the remaining imprinted checks found in defendant's possession being so signed.

This court holds that the evidence of the cashing of this second check was relevant and approves of the following language in State v. Carvelo (Hawaii 1961) 361 P.2d 45, 55, which in turn is quoting with approval from People v. Peete (1946) 28 Cal.2d 306, 169 P.2d 924, 929:

" * * * ' "The general tests of the admissibility of evidence in a criminal case are: * * * does it tend logically, naturally, and by reasonable inference to establish any fact material for the people, or to overcome any material matter sought to be proved by the defense? If it does, then it is admissible, whether it embraces the commission of another crime or does not, whether the other crime be similar in kind or not, whether it be part of a single design or not." ' * * * "

The next assignment is that the proof of the cashing of the second check was so indefinite that it was error to admit it, the defendant contending that the proof offered of the commission of other offenses must be such as to prove such other offenses beyond a reasonable doubt, or at least by clear and convincing evidence. As to the cashing of the other check, there was the testimony of an eyewitness (the sister), the admission by the defendant to three police officers that he had cashed "the checks," and the further corroboration in that the book of checks of Cort Schuyler was found in the defendant's possession, along with the false identification. The fact that the second check cashed was still in the possession of Blakely's in Phoenix and not produced at the trial does not, in the court's opinion, render this evidence less than clear and convincing.

The appellant relies upon Haley v. State (1919) 84 Tex.Cr.R. 629, 3 A.L.R. 779, 209 S.W. 675, for the proposition that proof as to other offenses must be beyond a reasonable doubt. This is not the majority rule. 22A C.J.S. Criminal Law § 690, p. 791. This encyclopedia indicates that such evidence must be such that it

"substantially establishes the other crimes." Evidence which creates "a mere suspicion" that the accused committed the other acts is not enough and the other offenses must be proved with "some certainty." People v. Edwards (3rd Dist.1958) 159 Cal.App.2d 208, 323 P.2d 484. But the proof need not be beyond a reasonable doubt. People v. Rickson (4th Dist.1952) 112 Cal.App.2d 475, 246 P.2d 700.

 Within these two limits, that is, that the evidence must be such as to create more than a suspicion and the requirement that there be proof beyond a reasonable doubt, this court holds there is an area of discretion in the trial court which was not violated in this action.

The third assignment pertains to the failure of the court, *sua sponte*, to give a cautionary instruction as to the use of the evidence pertaining to the cashing of the second check.

Our Supreme Court has passed upon this particular contention three times adversely to the appellant's position. Lewis v. State (1926) 30 Ariz. 466, 248 P. 39, 41; Sullivan v. State of Arizona (1936) 47 Ariz. 224, 55 P.2d 312, 315; Burgunder v. State of Arizona (1940) 55 Ariz. 411, 103 P.2d 256, 261. This court refuses to change this law.

Whether the giving of such an instruction is beneficial to the defendant is not a matter beyond argument. Astute defense counsel will often object to the giving of such an instruction, arguing that it is a comment upon the evidence and unfairly emphasizes the particular evidence. These defense counsel contend that the less said by the court about such evidence of other offenses the better for the defendant. In State v. Birchfield, 2 CA–CR 22, an opinion just released by this court, one of the principal contentions of the defendant was that the trial court erred in giving a cautionary instruction on the effect of other checks that were cashed, contending that such

was a comment on the evidence and unduly emphasized the particular evidence.

 As to this case now before us, this court holds that the failure to request such a cautionary instruction by defense counsel was, under the authorities above cited, a waiver thereof.

Judgment affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.