(165 App. Div. 721)

### PEOPLE v. JACOBS et al.

(Supreme Court, Appellate Division, Second Department. January 22, 1915.)

1. GAME (§§ 7, 9*)—STATUTORY PROVISIONS—LICENSES—"TO HUNT."
    Under Conservation Law (Laws 1912, c. 318) § 185, subd. 1, providing that no person shall, without a license, hunt, pursue, or kill with a gun any wild game or engage in hunting or trapping, except as provided, it is forbidden to hunt or pursue game, though without taking or killing, and an information alleging that accused hunted without a license is sufficient without specifying the particular game; the phrase "to hunt" being defined as to chase or pursue game or other wild animals.
    [Ed. Note.—For other cases, see Game, Cent. Dig. §§ 6, 7, 9; Dec. Dig. §§ 7, 9.*]

2. CRIMINAL LAW (§ 406*)—EVIDENCE—ADMISSIBILITY.
    A voluntary plea of guilty on a prior hearing is admissible as an admission on a subsequent trial after reversal of a conviction and the granting of a new trial.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 785, 894–917, 920–927; Dec. Dig. § 406.*]

Appeal from Suffolk County Court.

John Ernest Jacobs and another were convicted of violating the Conservation Law, § 185, and they appeal. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Le Roy E. Raynor, of Greenport, for appellants.

Le Roy M. Young, Asst. Dist. Atty., of Babylon (Ralph C. Greene, Dist. Atty., of New York City, on the brief), for the People.

PUTNAM, J. The information, after giving the particulars of time and place, charged the defendants with "then and there hunting without a license on Shinnecock Bay, contrary to and in violation of section 185 of the Conservation Law" (Laws of 1912, c. 318). That statute reads as follows:

"Subdivision 1: No person or persons shall at any time hunt, pursue or kill with a gun, any of the wild animals, fowl or birds that are protected during any part of the year, or take with traps or other devices any fur bearing animals, or engage in hunting or trapping except as herein provided, without first having procured a license so to do, and then only during the respective periods of the year when it shall be lawful."

[1] Counsel for defendants seasonably objected that the information did not state facts sufficient to constitute any crime, which the court overruled. Certain game protectors testified to hearing two shots fired on Shinnecock Bay; that they saw defendants rise up and walk along

the shore, enter a rowboat, and start out towards a wild duck floating on the water. On seeing the game protectors, defendants turned away, but stopped their boat when so hailed. In the rowboat were two shot-guns and a red flag such as is used to attract ducks. Asked to show a gunning license, defendant Jacobs produced one of 1912. The defendants were the only persons in the vicinity. No one saw either defendant fire a shot, but, as the reports sounded, defendants were seen where the smoke was rising. There was also testimony that, at the arraignment before the justice, defendants first pleaded guilty. Defendants gave no testimony.

The words "then and there hunting without a license" were sufficient, as they indicated the offense. People v. Wacke, 77 Misc. Rep. 196, 137 N. Y. Supp. 652. If the offense was the killing or wrongful taking of such game, the information should specify the animals so taken. By our Conservation Law for the protection of wild life, the offense is committed merely by the hunting or pursuit, without taking or killing. Hence it is not necessary to allege the particular game being hunted. The verb "to hunt" is defined as "to chase or pursue game or other wild animals"; and this information plainly was so understood. An information for unlicensed hunting or pursuit need not, and could not accurately, specify what particular game the hunters were after. To contend seriously that this information might mean hunting tame domesticated ducks on Shinnecock Bay is too finely drawn. Dieterich v. Fargo, 194 N. Y. 359, 365, 87 N. E. 518, 22 L. R. A. (N. S.) 696.

[2] There was no error in receiving testimony of a prior plea of guilty. Defendants had so pleaded, although thereafter, on their motion, the county judge had reversed this judgment and given them a new trial. The voluntary plea of guilty at the prior hearing was an admission of the failure to take out a license, which, with the other evidence, was properly left to the consideration of the jury.

No error appearing, I advise that the judgment of conviction be affirmed. All concur; CARR, J., not voting.