399 P.2d 175

In the Matter of the ESTATE of Arthur Marshal FOREMAN, aka Arthur Marshal Forman, aka Arthur M. Foreman, aka Arthur M. Forman, aka A. M. Foreman, aka A. M. Forman, Deceased.

FIRST NATIONAL BANK OF ARIZONA, PHOENIX, Executor of the Estate of Arthur Marshal Foreman, deceased, and Richard Forman and Mary Joan Koenigs, Beneficiaries under the Last Will and Testament of Arthur Marshal Foreman, deceased, Appellants,

v.

Laura THOMASON, Individually and as Administratrix, with Will annexed, of the Last Will and Testament of Mary R. Foreman, deceased, Appellee.

No. 2 CA–CIV 37.

Court of Appeals of Arizona.

Feb. 19, 1965.

Rehearing Denied March 5, 1965.
Review Granted June 2, 1965.

Fennemore, Craig, Allen & McClennen, Phoenix, Jerry Smith, Flagstaff, and Jennings, Strouss, Salmon & Trask, Phoenix, for appellants.

Stokes & Moring, Casa Grande, for appellee.

KRUCKER, Chief Judge.

Arthur Marshal Foreman died a resident of Arizona, and the entire estate consisted of community property acquired by himself and his wife, Mary R. Foreman, over a long period of years. Mr. Foreman, at the time of his death, was over 90 years old and his wife, Mary, since deceased, was in her eighties.

The lower court held that the estate consisted only of deceased's undivided one-half of the entire community estate and ordered that all costs and charges of administration, including attorney's fees, executor's fees, and family allowance were payable only from the deceased's share of the community estate.

Appellant, First National Bank of Arizona, executor, and two beneficiaries contend that the whole community estate is subject to probate when there are debts existing at the time of death and the whole estate should bear, proportionately, the burden of the family allowance, costs of administration, and attorney's fees.

The principal assets of the estate were some $32,000.00 in banks and a ranch which the widow claimed as her separate property but which the lower court resolved to be community property. (This is not the subject of this appeal.) This ranch later sold for approximately $241,000.00.

Outstanding community debts for which formal claims were filed amounted to only $434.70. These claims, together with a funeral bill and two small debts for which claims were not submitted totaling $17.54, and real estate taxes and income taxes for 1958 and 1959 were duly paid.

The following questions are to be decided in this appeal: (1) must the whole community estate be probated; (2) are ex-

ecutor's fees calculated on the entire community estate or only upon the deceased's interest therein; and (3) is the whole community estate to be charged with costs of administration and family allowance or is only deceased's interest therein to be so charged.

Counsel for appellee argues that it is unconscionable to subject a survivor's interest in community property to the payment of these items, which will amount to some $22,000.00, when at the time of deceased's death there were unpaid accounts or debts of only $434.70. Counsel also argues that the claims against the estate were not debts but only open accounts.

[1, 2] We cannot agree with these arguments. Our Supreme Court has held that where there are no community debts probate of the interest of the survivor is not necessary. Estate of Wilson (1917) 19 Ariz. 205, 168 P. 503; Nowland v. Vinyard (1934) 43 Ariz. 27, 29 P.2d 139. Also, where only the interest of the deceased is probated, the entire cost of probating such estate must be borne by the deceased's share of the community. Nowland v. Vinyard, supra.

However, the law in this State is clear that where there are community debts at the time of death, the entire estate must be probated and the costs and expenses, including family allowance, executor's fees and attorney's fees must be borne by the whole community estate. Nowland v. Vinyard, supra; In re Monaghan's Estate (1946) 65 Ariz. 9, 173 P.2d 107; In re Monaghan's Estate (1950) 70 Ariz. 349, 220 P.2d 726; In re Monaghan's Estate (1951) 71 Ariz. 334, 227 P.2d 227.

This may be a harsh rule in many instances, as it seems to be in this case, but it is not for this court to change the clear and established law of this State. It seems to us that this might be the subject of appropriate legislation.

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 1508. The matter was referred

We, therefore, do not agree with the trial court as to the disposition of matters raised in this appeal and the judgment of the trial court is reversed with instructions to enter an order directing that the costs of administration, family allowance and executor's fees shall be based upon and charged against the entire community estate.

HATHAWAY and MOLLOY, JJ., concur.