427 P.2d 338

STATE of Arizona, Appellee,

v.

Marlene WRIGHT, Appellant.

No. 1 CA–CR 24.

Court of Appeals of Arizona.

May 15, 1967.

Rehearing Denied June 19, 1967.

Review Denied Sept. 26, 1967.

Darrell F. Smith, Atty. Gen., by James S. Tegart, Asst. Atty. Gen., for appellee.

Kaplan & Wilks, Phoenix, by Alan Jay Rubin and Anne Kappes, Associate Counsel, for appellant.

CAMERON, Chief Judge.

This is an appeal from a jury verdict and judgment of guilty to the charge of passing a check on "no account" with intent to

defraud. § 13–316 A.R.S. Defendant also appeals from the denial of her motions for new trial based on newly discovered evidence.

We are called upon to determine:

1. Whether the court properly submitted evidence of defendant's inculpatory statements or acts to the jury.

2. Whether defendant's previous plea of guilty, later withdrawn by court permission, is properly admissible in the trial upon a plea of not guilty.

3. Whether the admission of evidence relating to the passing of other checks is admissible under the "common scheme or motive" rule.

4. Whether the trial court properly denied defendant's motion for new trial based on newly discovered evidence.

The facts necessary for the determination of this matter on appeal are as follows. Defendant Marlene Wright was associated with Nancy McClannahan in a business enterprise called "Candid Cartoons, Ltd.". Defendant was the owner of the business and Nancy McClannahan was a bookkeeper and office manager. The business had an office in the City of Phoenix, Arizona, and was primarily in the field of commercial art and writing of advertisements.

Defendant allegedly wrote a series of checks on more than one account which were returned for reasons of "not sufficient funds", and "irregular signature", and "account closed". After an investigation by the Phoenix Police Department and after questioning of the defendant, at which time she initialed the checks she admitted signing, defendant was charged with passing two specific checks on no account contrary to § 13–316 A.R.S. The charge as to one check was dismissed at the close of the trial, and the charge as to the other check in the amount of $134.56 passed to the Bi-Lo Market was submitted to the jury. Concerning the latter check the store clerk and the store manager identified the defendant as the one passing the check which was made payable to Nancy McClannahan. The State's witness, an employee of Bi-Lo Market, stated the defendant had explained that Nancy McClannahan was her professional name and Marlene Wright was her real name; therefore she was able to endorse the check. Defendant allegedly passed other checks and evidence concerning the cashing of these other checks was admitted in the trial on the basis of common plan or scheme.

## WERE THE INCULPATORY STATEMENTS AND ACTS PROPERLY SUBMITTED TO THE JURY?

Officer Ford of the Phoenix Police Department testified outside the presence of the jury that defendant initialed the check involved in this case and some of the others which were returned. He testified that defendant initialed the checks which she in fact had drawn or written and that she stated, "I want the matter cleared up. It is getting too big to do anything with".

■ Testimony was presented which indicated the statements and the act of initialing were freely given and the defendant was advised of right to counsel. After the testimony of Officer Ford and defendant on this point was concluded and the defense objected to the admission before the jury of the statement and acts of the defendant, the court ruled, after discussing the testimony at length:

"Outside of that, there is nothing that I can detect to base any fear or coercion or anything connected with the other statement; that is what she stated she was basing it on. I gather from the way it looks that would be a question for the jury to determine as to the weight to be given to it. So the evidence will be admitted."

The courts in Arizona have made it clear that there must be an affirmative finding of voluntariness by the court before the evidence is admitted to the jury for its determination of credibility and voluntariness:

"At the conclusion of the hearing on voluntariness, the judge must make a

definite determination whether the purported confession was voluntary or involuntary. Only if he makes a definite determination it was voluntary may he admit it for consideration by the jury." State v. Costello, 97 Ariz. 220, 222, 399 P.2d 119, 120 (1965), as quoted in State v. Goodyear, 100 Ariz. 244, 249, 413 P.2d 566 (1966).

In the instant case the record does not reveal a definite finding of voluntariness by the court. The trial court must make a definite determination whether the statement (exculpatory or inculpatory), confession or act was voluntary, and he may not submit it to the jury merely upon the finding that there is a conflict in the evidence. State v. Owen, 96 Ariz. 274, 394 P. 2d 206 (1964), State v. Herman, 3 Ariz.App. 323, 414 P.2d 172 (1966). Were this the only question before us we would have caused the trial court to make this determination, if possible, before writing this opinion. See State v. Hunter, 5 Ariz.App. 112, 423 P.2d 727 (1967). There being other questions which the Supreme Court of Arizona may wish to consider before we remand the case to the trial court for determination of voluntariness, State v. Mileham, 100 Ariz. 402, 415 P.2d 104 (1966), we have decided to consider the other matters raised by the defendant.

THE WITHDRAWN PLEA OF GUILTY

The defendant, after charges were brought and at the arraignment before the Superior Court, and with her prior counsel, entered a plea of guilty to the charge. At the time set for sentencing the court allowed the defendant to withdraw the guilty plea and enter a plea of not guilty. During the trial the State elicited from the defendant, on cross-examination, evidence of this withdrawn guilty plea as follows:

"Q  Isn't it true, that on that particular charge which you are now charged, Cause Number 43789, the check payable to Nancy McClannahan passed at the Bi-Lo Market, isn't it true that you already at one time entered a plea of guilty to that charge and then withdrew that plea?

"A  Yes, that is true."

No objection was made to the question by defense counsel. However, counsel did assign the admission of the evidence of the prior guilty plea as error in the motion for new trial. If this is error, it would be fundamental error which could be raised for the first time on appeal. People v. Brady, 14 A.D.2d 575, 218 N.Y.S.2d 705 (1961), State v. Pulliam, 87 Ariz. 216, 349 P.2d 781 (1960).

The Arizona Supreme Court in the case of Rascon v. State, 47 Ariz. 501, 512, 57 P.2d 304, 309 (1936) stated:

"At the close of the cross-examination of the defendant the county attorney asked him this question: 'Isn't it a fact that heretofore, in this court, in this cause, you have entered a plea of guilty to first degree murder?' but the court, upon the objection of defendant's counsel, declined to permit him to answer it. The defendant contends, however, that the mere asking of the question prejudiced his rights before the jury and deprived him of a fair and impartial trial, though no authorities are cited upholding this position. The state, upon the other hand, takes the position that the question was proper and, this being true, that the answer, much less the mere asking of the question, could not have had any prejudicial effect. In support of this position it cites People v. Boyd, 67 Cal.App. 292, 227 P. 783, 787, in which the Supreme Court of California held that when a plea of guilty is withdrawn and one of not guilty substituted the fact that the defendant pleaded guilty is admissible, * *. Hence, there was no error in the mere asking of the question and under the great weight of authority there would have been none in permitting the answer to it."

Since Rascon v. State, supra, in 1936, the California Supreme Court, upon which our court relied, has held—though admittedly

based in part upon a portion of the California Penal Code:

"Excluding withdrawn pleas of guilty also furthers 'the obvious purpose' of section 1192.4 to encourage the settlement of criminal cases. (citations omitted) Evidence of defendant's withdrawn plea of guilty was therefore inadmissible. Earlier cases holding such a plea admissible (citations omitted) are disapproved." People v. Quinn, 61 Cal.2d 551, 39 Cal. Rptr. 393, 393 P.2d 705, 708 (1964).

The State of Arizona is listed as one of several jurisdictions which allow the admission of evidence of a withdrawn plea of guilty at a subsequent trial under a substituted plea of not guilty, 86 A.L.R.2d 328, 329. It is apparent that a vast majority of the decisions in the United States today are to the contrary. As it has been stated by the New York court which had this question before it in 1961:

"Two years after this court decided People v. Steinmetz [240 N.Y. 411, 148 N.E. 597], supra, the United States Supreme Court in Kercheval v. United States, 1927, 274 U.S. 220, 47 S.Ct. 582, 584 [71 L.Ed. 1009], supra, unanimously gave a negative answer to the question of whether a plea of guilty withdrawn by leave of court is admissible against the defendant on the trial of the issue arising on a substituted plea of not guilty. The court's conclusion was that 'the weight of reason is against the introduction in evidence of a plea of guilty withdrawn on order of court granting leave and permitting the substitution of a plea of not guilty.' Justice Butler's opinion in Kercheval reasoned it out like this (274 U.S. at pages 223–224, 47 S.Ct. at page 583): 'A plea of guilty differs in purpose and effect from a mere admission or an extra-judicial confession; it is itself a conviction. Like a verdict of jury it is conclusive. * * * The court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for any reason the granting of the privilege seems fair and

just. * * * The effect of the court's order permitting the withdrawal was to adjudge that the plea of guilty be held for naught. Its subsequent use as evidence against petitioner was in direct conflict with that determination. When the plea was annulled it ceased to be evidence. * * * 'The withdrawal of the plea of guilty is a poor privilege, if, notwithstanding its withdrawal, it may be used in evidence under the plea of not guilty.'

"This cogent reasoning soon had its effect not only in the Federal courts (which were bound by Kercheval, supra) but in State court holdings. Faced with a choice between the conflicting rules of Steinmetz, supra, and Kercheval, high State courts (citations omitted) have held that the admission in evidence of a stricken plea of guilty is reversible error. The question is not whether a plea of guilty is a confession of guilt and provable as such. Of course it is. (citations omitted) But we are inquiring into something quite different. We must say whether it is lawful in New York for a court, after allowing a guilty plea to be set at naught, to allow the jury to use that same plea as proof of guilt. Such a distortion of purpose should not be allowed." People v. Spitaleri, 9 N.Y.2d 168, 212 N.Y.S.2d 53, 173 N.E.2d 35, 86 A.L.R.2d 322 (1961).

■ We agree with the reasoning of the New York court and the other courts which have held that a previously entered plea of guilty, later withdrawn, may not be admitted against the accused in a subsequent trial under the substituted plea of not guilty. We also believe that the evidentiary use of a withdrawn plea denies the defendant the benefit of the presumption of innocence. However, this is not now the law in Arizona. It may well be that the Arizona Supreme Court, were this matter before it at this time, would hold with a majority of the jurisdictions as well as the federal courts that a prior plea of guilty withdrawn by court order may not be used in a sub-

sequent trial upon the substituted plea of not guilty. However, counsel has cited no case of our Supreme Court which so holds and we have found none. Division Two of our Court early stated:

"* * * it is not for this court to change the clear and established law of this State." In re Foreman's Estate, 1 Ariz.App. 41, 42, 399 P.2d 175, 176 (1965), vacated on other grounds 99 Ariz. 147, 407 P.2d 102 (1965).

We therefore hold that the previous plea of guilty, later withdrawn, was properly admitted at trial on a plea of not guilty. Rascon v. State, supra.

## ADMISSION OF OTHER CHECKS

■ Defendant objects to the admissibility of the other returned checks as evidence of other crimes which may not be shown at trial. Our Court of Appeals has stated:

"This court holds that the evidence of the cashing of this second check was relevant and approves of the following language in State v. Carvelo (Hawaii 1961) 361 P.2d 45, 55, which in turn is quoting with approval from People v. Peete (1946) 28 Cal.2d 306, 169 P.2d 924, 929: '* * * "The general tests of the admissibility of evidence in criminal cases are: * * * does it tend logically, naturally, and by reasonable inference to establish any fact material for the people, or to overcome any material matter sought to be proved by the defense? If it does, then it is admissible, whether it embraces the commission of another crime or does not, whether the other crime be similar in kind or not, whether it be part of a single design or not.'" * * *" State v. Waits, 1 Ariz.App. 463, 465, 404 P.2d 729, 731 (1965).

And our Supreme Court has stated:

"* * * evidence of other crimes is competent when it tends to establish motive, intent, absence of mistake or accident, identity and common scheme or plan." State v. Huges, 102 Ariz. 118, 426 P.2d 386, filed 6 April 1967.

We feel that the evidence of the other checks are part of a common scheme of which the check upon which the defendant was being prosecuted was merely a part, and therefore admissible.

## MOTION FOR NEW TRIAL ON NEWLY DISCOVERED EVIDENCE

Criminal Rule 310, 17 A.R.S. provides for a new trial upon newly discovered evidence:

"The court shall grant a new trial if any of the following grounds is established: * * * 3. That new and material evidence, which if introduced at the trial would probably have changed the verdict or the finding of the court, is discovered which the defendant could not with reasonable diligence have discovered and produced upon the trial."

■■ On the motion for new trial the defendant presented the testimony of Nancy McClannahan who claimed that she passed the check in question, that she left Phoenix in 1963 and did not know that the defendant was in trouble. The general rule is that the court in its discretion may determine whether or not to grant a new trial, and proffered newly discovered evidence must not only appear to be credible but must be such that it would probably change the results and could not with reasonable diligence have been discovered upon trial. State v. Thurston, 100 Ariz. 297, 413 P.2d 764 (1966), State v. Sneed, 98 Ariz. 264, 403 P.2d 816 (1965), State v. Daymus, 93 Ariz. 332, 380 P.2d 996 (1963) and State v. Blankenship, 99 Ariz. 60, 406 P.2d 729 (1965). We do not feel that there was any error on the part of the court in refusing to grant a new trial on the basis of newly discovered evidence. Rule 310, Rules of Criminal Procedure.

■ In submitting to the jury evidence of statements and acts inculpatory in nature without first making a definite finding of voluntariness, the matter is remanded to the Superior Court of Maricopa County for the purpose of a hearing to determine whether the statements and acts of the de-

fendant were voluntary. If the court finds they were voluntary, it is to notify this Court by transmitting a certified copy of its finding to the Clerk of this Court. If no objection to the ruling is presented to this court within 15 days, an order will be entered affirming the conviction. If the lower court determines the confession involuntary, it is directed to enter an order granting defendant a new trial. State v. Mileham, supra. These directives shall be effective upon the issuance of the mandate of this Court.

DONOFRIO, J., concurs.

JACK G. MARKS, Judge of the Superior Court (dissenting):

I respectfully dissent from that portion of the court's opinion relating to the plea of guilty at arraignment which was subsequently withdrawn by leave of the trial court. In my opinion the use of the withdrawn plea of guilty as evidence is a violation of the constitutional privilege against self-incrimination guaranteed to the defendant, Marlene Wright, by Article 2, § 10, of the Constitution of Arizona,[1] A.R.S. and the Fifth Amendment to the Constitution of the United States[2] which is applicable to this action by virtue of the Fourteenth Amendment.[3]

The record discloses that no objection was made by the defendant's counsel to the question on cross-examination.[4] Does such failure preclude this Court from considering the defendant's contention that the asking of the question is reversible error? In State v. Smith, 101 Ariz. 407, 420 P.2d 278 (1966) our Supreme Court, holding that the failure of counsel to object is not a waiver

of the objection when the privilege against self-incrimination is involved, stated:

"Mention is made of the fact that the defendant failed to object at trial * *. The state contends that this is equivalent to a waiver of the objection, but we must disagree.

\* \* \* \* \* \*

"* * * When one has been denied a constitutional right as essential as the right against self-incrimination, prejudicial effect will be presumed and the error will be deemed fundamental." 101 Ariz. 407, 410, 420 P.2d 278, 281.

If fundamental error be present because of a violation of the defendant's privilege against self-incrimination, it is my opinion that this Court may, and should, reverse the judgment of the trial court and remand the case for a new trial despite the rule of Rascon v. State, 47 Ariz. 501, 57 P.2d 304 (1936). A.R.S. § 13–1715 mandates this Court to search for fundamental error and, if found, reverse the conviction although the defendant has not raised this particular contention in her briefs. State v. Eddington, 95 Ariz. 10, 386 P.2d 20 (1963). This would be true if the defendant had not filed briefs. State v. Houston, 80 Ariz. 86, 292 P.2d 1077 (1956). The question then is whether fundamental error was committed when the withdrawn plea of guilty was admitted in evidence. I believe that it was. In Rascon the Supreme Court found no error in permitting the county attorney to ask whether the defendant previously had pleaded guilty to the charge. But the issue was not presented to the Court, as I think it should have been, as one involving a vital constitutional principle. There is internal evidence in Rascon that the gravity of the

---

1. "No person shall be compelled in any criminal case to give evidence against himself, * * *."

2. "No person * * * shall be compelled in any criminal case to be a witness against himself, * * *."

3. Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), rehearing denied, 381 U.S. 957, 85 S.Ct.

1797, 14 L.Ed.2d 730 (1965); Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L. Ed.2d 653 (1964); State v. Pierson, 102 Ariz. 90, 425 P.2d 115, decided March 15, 1967; State v. Smith, 101 Ariz. 407, 420 P.2d 278 (1966).

4. See page 340, supra, of the Court's opinion.

matter was not brought home to the Supreme Court and that, in fact, strong authority contrary to the rule of evidence adopted by the Supreme Court was overlooked.[5]

In a cogently reasoned opinion in Wood v. United States, 75 U.S.App.D.C. 274, 128 F.2d 265, 141 A.L.R. 1318 (1942), Rutledge, J., (later Justice Rutledge of the United States Supreme Court) concluded that the true basis for excluding evidence of a withdrawn plea of guilty is that it violates the privilege against self-incrimination. He reasoned that the arraigning court has the power to require the defendant to enter a plea and that to give the resulting plea, although later withdrawn, evidentiary effect is to allow the court indirectly to compel the defendant to be a witness against himself. The essence of the violation of the privilege against self-incrimination is found in Wood as follows:

"The matter may be tested as follows. It would seem beyond question that in the testimonial stage of trial the court, of its own motion or at the prosecutor's instance, could not call the defendant to the witness stand and compel him to answer directly or indirectly the question, 'Are you guilty or not guilty?' Regardless of the nature of the answer, the court would have no right to confront him with such an inquiry. His privilege is to be free from being compelled to testify in his own case. It is to have no pressure from judicial power to speak his own guilt or innocence. The court could not force him to speak as a witness from the box. Yet in a roundabout way this would happen if the plea could be admitted in evidence. The only, but insubstantial, difference would be that inquisition would take place before the testimonial stage, and the product would be brought into it in the guise of admitting 'evidence voluntarily given.' We do not think the court can use its power to elicit the plea at one stage for one purpose and then abuse it by admitting the plea as 'evidence' at another and for an entirely different purpose. To do this would be the most subtle form of judicial inquisition. It would accomplish indirectly but substantially the very thing the privilege prohibits.

"The objection is not merely to abuse of the function of the plea. It is to impairment of the court's integrity. Admitting the plea would array it on the prosecution's side as an agency for procuring, as well as for admitting evidence. No admonition could wipe out the solemnity or verity added from being made in court and induced by the court's own inquiry. In effect the court would become, at the stage of arraignment, an aid of the prosecution. In admitting the plea it would sit in judgment on its own action in procuring it. These evils would not arise if the plea could not be used as evidence." 128 F.2d 265, 274.

It seems clear to me that the reasoning in Wood applies and should be adopted by this Court. Therefore I would reverse the judgment and remand the cause for new trial.

NOTE: Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.

5.  State v. Meyers, 99 Mo. 107, 12 S.W. 516 (1889); People v. Ryan, 82 Cal. 617, 23 P. 121 (1890); Dean v. State, 72 Tex. Cr.R. 274, 161 S.W. 974 (1913); Heim v. United States, 47 App.D.C. 485, L.R.A. 1918E, 87 (1918); Heath v. State, 23 Okl.Crim. 382, 214 P. 1091 (1923); Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927); State v. Anderson, 173 Minn. 293, 217 N.W. 351 (1927); and State v. Jensen, 74 Utah 299, 279 P. 506 (1929).