436 P.2d 601

**STATE of Arizona, Appellee,**
**v.**
**Marlene WRIGHT, Appellant.**
**No. 9057–PR.**

Supreme Court of Arizona,
In Banc.
Feb. 1, 1968.
Rehearing Denied March 12, 1968.

Darrell F. Smith, Atty. Gen., James S. Tegart, Asst. Atty. Gen., and Robt. K. Corbin, County Atty., Maricopa County, by Patrick Eldridge, Deputy County Atty., Phoenix, for appellee.

Kaplan & Wilks, by Alan J. Rubin, and Anne Kappes, Phoenix, for appellant.

S. Leonard Scheff, Tucson, Chief Counsel Arizona Civil Liberties Union, amicus curiae.

UDALL, Vice Chief Justice:

This case came to us on a petition for review of the decision of the Court of Appeals, Division 1, reported at 5 Ariz. App. 357, 427 P.2d 338 (1967). The American Civil Liberties Union filed a brief amicus curiae in support of defendant-appellant's position. We granted the petition primarily for the purpose of re-examining our position in Rascon v. State, 47 Ariz. 501, 512, 57 P.2d 304 (1936). There, as in the case at bar, the prosecuting attorney, while in the presence of the jury questioned defendant regarding a plea of guilty given earlier in the same proceeding, but subsequently withdrawn with leave of court and substituted with a not guilty plea. In both cases, the respective courts ruled that it was not error to admit such evidence. On appeal of the instant case to the Court of Appeals, that court approved the admissibility of the withdrawn plea of guilty in view of our position in *Rascon*.

The facts are. as follows: Defendant Marlene Wright was associated with Nancy McClannahan in a business enterprise called "Candid Cartoons, Ltd." Defendant was the owner of the business and Nancy McClannahan was a bookkeeper and office manager. The business had an office in the city of Phoenix, Arizona and was primarily in the field of commercial art and writing of advertisements.

Defendant allegedly wrote a series of checks on more than one account which were returned for reasons of "no sufficient funds," "irregular signature," and "account closed." After an investigation by the Phoenix Police Department and after questioning of the defendant, at which time she initialed the checks she admitted signing, defendant was charged with passing two specific checks on "no account" contrary to A.R.S. § 13-316. At the close of trial, the charge as to one check was dismissed, and the charge as to the other was submitted to the jury. The check on which defendant was convicted was passed to the Bi-Lo Market. Its store clerk and store manager identified defendant as the one passing the check. The check was made payable to Nancy McClannahan, drawn on the account of Candid Cartoons, Ltd., and signed by Marlene Wright. Bi-Lo Market "okayed" the

check on defendant's endorsement after she explained that Nancy McClannahan was her professional name and Marlene Wright, the name on her driver's license, was her real name. Defendant allegedly passed other checks. Evidence of these checks was admitted in the trial as evidencing a common plan or scheme.

During the arraignment and in the presence of counsel, defendant entered a plea of guilty to the crime charged. At the time set for sentencing, the court allowed the defendant to withdraw the guilty plea and enter a plea of not guilty. Evidence of this withdrawn guilty plea was elicited by the State on cross-examination of defendant during trial as follows:

"Q Isn't it also true, on that particular charge of which you are now charged, Cause No. 43789, the check payable to Nancy McClanahan (sic) passed at the Bi-Lo Market, isn't it true that you already at one time entered a plea of guilty to that charge and then withdrew that plea?

"A Yes, that is true."

Though defense counsel made no objection to the question, the admission of the evidence of the withdrawn guilty plea was assigned as error both in the motion for new trial and in this appeal.

In discussing this question in *Rascon*, we said:

"At the close of the cross-examination of the defendant the county attorney asked him this question: 'Isn't it a fact that heretofore, in this court, in this cause, you have entered a plea of guilty to first degree murder?' but the court, upon the objection of defendant's counsel, declined to permit him to answer it. The defendant contends, however, that the mere asking of the question prejudiced his rights before the jury and deprived him of a fair and impartial trial, though no authorities are cited upholding this position. The state, upon the other hand, takes the position that the question was proper and, this being true, that the

answer, much less the mere asking of the question, could not have had any prejudicial effect. In support of this position it cites People v. Boyd, 67 Cal.App. 292, 227 P. 783, 787, in which the Supreme Court of California held that when a plea of guilty is withdrawn and one of not guilty substituted the fact that the defendant pleaded guilty is admissible, and in reaching this conclusion specifically overruled People v. Ryan, 82 Cal. 617, 23 P. 121, stating that the announcement therein was out of harmony with what the court believed to be the correct and the better rule. In holding a plea of guilty to be an admission of the truth of the charge against him, which, with the other evidence, was properly left to the consideration of the jury, the court said:

'Such an admission was not, of course, conclusive evidence against the defendant. It was competent evidence merely; its weight and sufficiency being proper subjects for consideration by the jury. [Citation] When the fact was established that the admission had been made by the accused, the admission was not before the jury as testimony by him establishing the truth of all or any part of the allegations of the information, but the fact that he had made it was before them, and was relevant as being inconsistent with his claim to the jury that he did not obtain any money under false pretenses from the complaining witnesses, and was not guilty. [Citation] The defendant's own admission, voluntarily made, was clearly competent evidence against him. That he made the admission in court can detract nothing from its relevancy or its competency.'

"The following cases are in line with this view, and our attention has been called to none to the contrary: State v. Carta, 90 Conn. 79, 96 A. 411, L.R.A. 1916E 634; Ehrlick v. Commonwealth, 125 Ky. 742, 102 S.W. 289, 128 Am.St. Rep. 269, 10 L.R.A.(N.S.) 995; People

v. Gould, 70 Mich. 240, 38 N.W. 232, 14 Am.St.Rep. 493; State v. Bringgold, 40 Wash. 12, 82 P. 132, 5 Ann.Cas. 716; People v. Jacobs, 165 App.Div. 721, 151 N.Y.S. 522. Hence, there was no error in the mere asking of the question and under the great weight of authority there would have been none in permitting the answer to it." 47 Ariz. at 512–513, 57 P.2d at 309.

This same question was raised in State v. Thomas, 78 Ariz. 52, 65, 275 P.2d 408 (1954), but was not passed upon since felony arraignment before a magistrate does not require a plea, and the statement by defendant "I don't need a lawyer, I am guilty, I killed the women," was a voluntary, unrequired judicial confession.

There are two distinct lines of authority on the question whether a plea of guilty to a charge subsequently withdrawn by leave of court is admissible against the defendant in a trial on the same charge. Annotation, 86 A.L.R.2d 327; see State v. Weekly, 41 Wash.2d 727, 252 P.2d 246 (1952). On appeal defendant argues that our holding in *Rascon* was an adaption of the "minority view." Similarly, *amicus* takes the position that *Rascon* probably did not correctly state the law as it existed then and certainly does not represent the law as it exists now, even without reference to constitutional principles.

■ Rule 188, Rules of Criminal Procedure, 17 A.R.S. provides that "[t]he court may in its discretion at any time before sentence permit a plea of guilty to be withdrawn * * *." It is totally inconsistent with this rule to permit a plea of guilty to be later reinstated in the form of evidence. The very fact of withdrawal implies that the plea had been improperly received or that there should be an actual trial of the accused because it is doubtful whether the plea was made with the understanding and intent to confess a crime which the accused had actually committed. Once it has been decided that a plea may be withdrawn because there may be a possible danger of injustice in acting upon

it, the accused should be placed in the same position as if the plea had never been made. People v. Spitaleri, 9 N.Y.2d 168, 212 N.Y.S.2d 53, 173 N.E.2d 35, 86 A.L.R.2d 322 (1961) (overruling People v. Steinmetz, 240 N.Y. 411, 148 N.E. 597 (1925)); but see dissenting opinion in People v. Steinmetz, supra, 148 N.E. at 600. The United States Supreme Court in Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927), took a similar position with which we are in accord. It stated:

"The effect of the court's order permitting the withdrawal was to adjudge that the plea of guilty be held for naught. Its subsequent use as evidence against petitioner was in direct conflict with that determination. When the plea was annulled it ceased to be evidence. By permitting it to be given weight the court reinstated it pro tanto. * * * The conflict was not avoided by the court's charge. Giving to the withdrawn plea any weight is in principle quite as inconsistent with the prior order as it would be to hold the plea conclusive. Under the charge, if the plea was found not improperly obtained, the jury was required to give it weight unless petitioner was shown to be innocent. And, if admissible at all, such plea inevitably must be so considered. As a practical matter, it could not be received as evidence without putting petitioner in a dilemma utterly inconsistent with the determination of the court awarding him a trial. Its introduction may have turned the scale against him." 47 S.Ct. at 583.

■■ Similarly, our Criminal Rule 184, provides that a defendant may with consent of the court and county attorney, plead guilty to any lessor offense or to any lessor degree of the offense charged. If consent is not given, the offered or attempted plea may not be received in evidence or alluded to at the trial. The obvious purpose of Rule 184 is to promote the public interest of encouraging settlement of criminal cases without necessity of trial. There is a like public interest in permitting

an accused to plead guilty to an offense charged without prejudicing his position if it is later withdrawn. We see no reason to distinguish between the situation contemplated by this rule and that presented by the case at bar.

 We are not persuaded by the argument that use of the withdrawn plea is analogous to the use of a confession in open court. The basic considerations motivating the plea are too dissimilar from those of a confession to justify analogy. Arraignment and plead is a requisite procedural step in criminal prosecution; their purpose is not to exact a confession but to ascertain whether the defendant wishes to put the state to its proof of the facts alleged in the information or whether he wishes to waive a trial by jury and permit the court to find him guilty upon his plea and pronounce sentence without further proceedings. Certainly there are numerous cogent reasons why a defendant may wish to plead guilty which are totally unrelated to his alleged guilt. It is his privilege to plead either guilty or not guilty, but if he chooses to plead guilty without the intention to confess actual guilt, the plea should not be used to establish guilt. When the withdrawn plea is later reinstated in the form of evidence, defendant is denied the safeguards and presumptions of innocence which the law extends to one on trial, Heim v. United States, 47 App.D.C. 485 (1918), cert. denied 247 U.S. 522, 38 S.Ct. 583, 62 L.Ed. 1247, and this presumption is not protected by an instruction of the court to that effect.

"While it is impossible to analyze the processes of the human mind, we cannot say that the jury was not impressed with the statement that defendant had previously pleaded guilty. No matter how great an effort a juror might make not to let it prejudice him, the state-ment was of such a nature that it could not be eradicated from the average juror's mind by instruction of the judge. * * * In fact, the more the judge discussed the plea, the more the average juror would be impressed with it. A mistrial should have been declared." People v. Street, 288 Mich. 406, 284 N.W. 926, 927 (1939).

In our opinion, it would be naive to suggest that defendant was not prejudiced because the evidential use of a withdrawn guilty plea in the same action is not conclusive in that it may be explained and any unfavorable inference rebutted. The privilege is wholly illusory if the defendant must either defer explaining the withdrawn plea creating the inference that he cannot rebut its damaging effect, or attempt to rebut or explain the withdrawn plea thereby calling the jury's attention to the plea and implanting it deeper in their minds.

 The fact that counsel for defendant did not object to the question asked by the prosecutor at trial and in the presence of the jury should not be determinative of this case. The evidential use of the withdrawn plea is an error which we will take cognizance of without distinguishing between the situation where counsel objected to its admission and the situation where he did not. See Heim v. United States, supra; People v. Brady, 14 A.D.2d 575, 218 N.Y.S. 2d 705 (1961); State v. Jensen, 74 Utah 299, 279 P. 506 (1929), and see Wood v. United States, 75 U.S.App.D.C. 274, 128 F.2d 265, 141 A.L.R. 1318 (1942).

 Defendant included other assignments of error on her appeal. Of those which we choose to rule upon, the question of whether the court properly submitted evidence of defendant's inculpatory statements and acts [1] to the jury is sufficiently disposed of by our holding in State v.

---

[1] Officer Ford of the Phoenix Police Department testified outside the presence of the jury that defendant initialed the check involved in this case and some of the others which were returned. He testified that defendant initialed the checks which she in fact had drawn or written and that she stated, "I want the matter cleared up. It is getting too big to do anything with."

Owen, 96 Ariz. 274, 394 P.2d 206 (1964) making it obligatory upon the trial court to make an affirmative finding of voluntariness before police-induced statements, confessions or acts are submitted to the jury. See also State v. Gallagher, 97 Ariz. 1, 396 P.2d 241 (1964).

Finally, we are satisfied that the admission of other returned checks during defendant's trial was proper as part of a common scheme or plan of which the check upon which she was being prosecuted was merely a part. State v. Hughes, 102 Ariz. 118, 426 P.2d 386 (1967).

For the reasons heretofore discussed, Rascon v. State, supra, is overruled insofar as it is inconsistent with this opinion; the opinion of the Court of Appeals is vacated, the judgment of the trial court is reversed and the cause is remanded for a new trial.

McFARLAND, C. J., and STRUCK-MEYER, BERNSTEIN and LOCK-WOOD, JJ., concur.