465 P.2d 602

The STATE of Arizona, Appellee,

v.

Bobby Dean WHITE, Appellant.

No. 2 CA–CR 196.

Court of Appeals of Arizona, Division 2.

March 3, 1970.

Rehearing Denied April 14, 1970.

Review Denied June 23, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

John F. Corcoran, Tucson, for appellant.

KRUCKER, Judge.

Appellant, Bobby Dean White, was tried and found guilty by a jury on June 13, 1969, of nine counts of drawing checks on no account in violation of A.R.S. § 13–316, as amended. On June 20, 1969, he was sentenced to a term of imprisonment for not less than one year nor more than two years on each count, the sentences to run consecutively.

Four questions are raised in this appeal:

(1) Was the sentence excessive under the circumstances?

(2) Was one of the court's instructions to the jury erroneous?

(3) Was it error to allow extensive testimony of the other crimes to be brought to the attention of the jury and to permit the jury to have knowledge of previous guilty pleas to some counts, which were later withdrawn?

(4) Should the court have declared a mistrial because of certain remarks of counsel in closing argument?

Briefly, the facts are as follows. Appellant came to Tucson from Texas on or about January 1, 1969. He opened a bank account at the Grant and Oracle Branch of the Valley National Bank on January 27, 1969, which was closed March 17, 1969. During the period of March 23, 1969 to March 31, 1969 appellant wrote the checks in question in sums ranging from $3.25 to $25.00. He admitted drawing the checks but asserts that he believed that he had an account at the bank and was merely drawing checks on insufficient funds, a misdemeanor. He denied having knowledge that the account was closed. However, two bank officers testified that appellant was informed that the account was closed. Two police officers also testified that appellant admit-

ted he knew the account was closed at the time he wrote the checks.

We will first address ourselves to the fourth question concerning remarks of counsel for the State in his closing argument. The words complained of are as follows:

"If you find that Bobby Dean White is innocent of any of these counts, you are condoning what he did and you are saying, well, maybe he didn't know that the account was closed. So it was all right for him to go out and write those checks. That's all right now."

Wide latitude is allowed counsel in arguments to a jury. The above statement is merely an attempt to persuade the jury to convict and we believe it permissible. Furthermore, there having been neither an objection to the argument nor a motion for a mistrial, the appellant has waived his right to object to the challenged statement. State v. Boozer, 80 Ariz. 8, 291 P.2d 786 (1955); State v. Roche, 104 Ariz. 276, 451 P.2d 605 (1969).

As to the second claim of error, concerning the instruction given by the court, the instruction was:

"Now the statutes of the State of Arizona make it an offense or a crime when a person who for himself or for another willfully with intent to defraud makes, draws, utters or delivers to another person or persons a check or checks on a bank or other depository, depositary, for payment of money knowing that at the time of the making or the drawing or the uttering or the delivery of such check that he does not have an account with or credit with such bank or depositary to meet the check or checks in full upon their presentation."

It is claimed by appellant that the use of the words "in full" in the instruction and in the statute apply only to drawing checks on insufficient funds and were confusing. The statute in question covers both drawing checks on insufficient funds and on no account, and the evidence seems clear that the account was closed and that appellant was advised that it was closed. There could be no other instruction, and couching it in the exact words of the statute would not be error. There is no evidence that the appellant had any credit with the bank, and there is no citation of authority given us that the instruction is erroneous or improper.

As to the question of whether the sentence was excessive, we find no abuse of discretion or arbitrariness on the part of the trial court. While the consecutive nature of the sentences is somewhat severe compared to sentences imposed by other superior court judges, the court did impose only the minimum sentence of one year on each count when a sentence of up to five years on each could have been imposed. There was a full investigation by the court and a full hearing at the time of sentencing, the transcript of which we have carefully examined. The sentence being within statutory limits, and in view of the fact that it could have been greater, we find no error.

Concerning the question of evidence of other checks relating to another crime, and particularly the portion of testimony concerning withdrawal of guilty pleas, we are faced with a more serious issue.

There was a great deal of testimony concerning the other checks written, the total being 63. The admission of evidence as to other and subsequent checks under the circumstances of this case does not constitute error. State v. Daymus, 90 Ariz. 294, 367 P.2d 647 (1961); State v. DeVinney, 98 Ariz. 273, 403 P.2d 921 (1965); and State v. Wright, 103 Ariz. 52, 436 P.2d 601 (1968). There was no objection to the testimony except as to one check. It is contended that testimony concerning the appellant having entered a plea of guilty to some of the counts and later withdrawing the guilty plea and entering not guilty pleas as to those counts was clear error under State v. Wright,

supra, wherein the court, speaking through Justice Udall, stated:

"* * * Once it has been decided that a plea may be withdrawn because there may be a possible danger of injustice in acting upon it, the accused should be placed in the same position as if the plea had never been made [citations omitted]." 103 Ariz. at 55, 436 P.2d at 604.

The United States Supreme Court, in Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927), took the same position.

However, in the case before us, all of the testimony of the entering and withdrawing of pleas of guilty was elicited by appellant's counsel on direct examination of appellant who was on the witness stand under oath. This testimony was as follows:

* * * * * *

"Q Have you ever entered a plea of guilty to these charges at any time during these proceedings?

A Yes.

* * * * * *

Q Is it true, Bobby, that as far as you were concerned, ultimately the reason why you withdrew your plea was because of the very narrow fact that in your mind you did not know the account was closed?

A That's right.

MR. CASHMAN: Object to counsel leading.

THE COURT: Objection sustained.

MR. CARTIN: I believe he answered it, Your Honor. Did they want to strike it?

THE COURT: Up to counsel.

MR. CASHMAN: Move the answer be stricken and the question as being leading the witness in all respects.

THE COURT: Very well. The answer of the witness is stricken and the jury is instructed to disregard the last question and the last answer.

MR. CARTIN: That is all I have."

* * * * * *

Earlier in the trial Detective Milne was called by the State and in response to a question by defense counsel stated that appellant wanted to plead guilty from the beginning. In addition to the fact that the answer was elicited by the defense, we do not believe that *Wright* stands for the proposition that admissions of guilt outside of the formal court plea, that are later repudiated, are proscribed. If so, then every not guilty plea would vitiate all otherwise admissible confessions and admissions. Because of the nature of the testimony by the appellant, we therefore hold that the rule in *Wright,* supra, does not apply.

Judgment affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.